**Jane DOE, Plaintiff–Appellant,**

v.

**SHERIFF OF DUPAGE COUNTY, Defendant–Appellee.**

No. 97–1973.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 25, 1997.

Decided Oct. 27, 1997.

Kenneth N. Flaxman (argued), Chicago, IL; for Plaintiff–Appellant.

Thomas F. Downing, Ellen L. Champagne (argued), Office of the State's Attorney of Dupage County, Wheaton, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Jane Doe, whose real name is Teresa Wesley, missed a court date in DuPage County and the judge there issued a bench warrant for her arrest. After she learned that the warrant was issued she turned herself in at the DuPage County Jail. She was then detained and booked—a process that took 2 hours and included a search, fingerprinting, photographing, and a brief "medical exam." It was only then that she was allowed to post bail ($200 was specified in the warrant) and gain her freedom. The experience prompted Wesley to sue the County Sheriff (he's the jailer, of course) in federal court under 42 U.S.C. § 1983. After permitting an amendment to the complaint, the district court dismissed the suit on the County's Rule 12(b)(6) motion, a ruling Wesley now appeals.

Before we get into the merits, we again note that the use of fictitious names by litigants is disfavored. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir.1997). Litigation involves the public's business and, except when exceptional circumstances are present, all parties to a suit must be identified. Here, Wesley's situation was not sensitive enough to justify her proceeding as Jane Doe. In fact, her counsel, without hesitation, revealed her identity during oral argument when we told him about our concerns. We hope we will not see too many more John or Jane Does in the future. That said, we turn to the merits, which won't detain us very long.

Wesley's original complaint was filed against the Sheriff of DuPage County and certain unknown deputies claiming violations of her Fourth and Fourteenth Amendment rights based on an alleged illegal search while in custody. After taking several dis-

covery depositions, however, Wesley filed an amended complaint converting her claim into a straightforward allegation that the Sheriff alone violated her rights (and those of others similarly situated) based on his "policy of refusing to permit persons surrendering on warrants to post bond without being taken into custody, searched, subjected to a medical examination, fingerprinted, photographed, and questioned." In essence, then, her claim is that the Sheriff could not "book" her as was done here but had to instead release her as soon as she forked over $200, the bail specified in the warrant.

The Sheriff moved to dismiss Wesley's amended complaint and the district judge granted the motion, striking, along the way, an allegation that did not claim personal involvement by the Sheriff in one of the factual assertions. The judge also invited Wesley to file, if she wished, an amended complaint alleging that her detention was unreasonably long. She did not accept the offer, electing to appeal instead.

■ We review the district court's dismissal of Wesley's suit *de novo*. We will affirm the district court if the allegations of the amended complaint, which we assume to be true, along with any reasonable inferences from those allegations, fail to make out a claim for relief. *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir.1996).

■ The starting point, and close to the ending point, of this appeal is Wesley's concession that the Sheriff's booking procedure itself is not unconstitutional. Her claim is narrower. She alleges that booking her (and others) violates the Fourth Amendment because it is too intrusive for people who show up voluntarily at the jail without being formally arrested. In other words, people like her should be allowed to post bail at the jail and leave immediately without being booked.

These allegations fail to state a claim. The bench warrant provided probable cause for Ms. Wesley's arrest, and that in turn legitimized her detention once she arrived at the hoosegow. It follows then that the "booking" of an arrestee, which for one thing confirms the person's identity, does not violate the Fourth Amendment. *See Gerstein v. Pugh*,

420 U.S. 103, 113–14, 95 S.Ct. 854, 862–63, 43 L.Ed.2d 54 (1975). This rule applies even when the arrest is for a minor matter, *Woods v. City of Michigan City*, 940 F.2d 275, 283 (7th Cir.1991) (Will, J., concurring), and even if the arrestee is ready and able to post bail immediately. *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194 (7th Cir.1985). Simply stated, Wesley does not enjoy greater rights under the Fourth Amendment than would another arrestee seized with probable cause, for the Sheriff is not constitutionally compelled to treat folks differently based on how they fall into his custody.

The degree of intrusiveness involved in the "medical exam" portion of the booking procedure could, in an appropriate case, be a matter of concern, but it's of no moment here because the amended complaint did not properly raise an issue on the point. Also, the fact that Wesley may have been booked when she was originally arrested does not mean that a new booking following her "arrest" on the bench warrant violates the Fourth Amendment.

■ Wesley's other claim, which is related to our observation about the "medical exam," is that the district court erred in striking an allegation in paragraph 7 of her amended complaint which referred to the actions of an unknown person. This claim is also a loser, and the district judge was on solid ground when he struck it. To state a claim under § 1983 Wesley had to point to a custom or policy of the Sheriff—the only defendant here—and show a "direct causal link" between that custom or policy and the intentional deprivation of her rights. *Board of County Comm'rs v. Brown*, —— U.S. ——, ——, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). While Wesley originally said that the Sheriff had a strip search policy, she eliminated that allegation when her complaint was amended. Without an assertion that an official policy was at work, the district judge correctly struck the allegation in paragraph 7 because the Sheriff was not personally involved in the incident.

■ Finally, Wesley now argues (in her brief and at oral argument) that her detention for 2 hours was unreasonable because it

was too long. We will not consider the claim, however, because her amended complaint does not mention it and she refused the district court's invitation to amend her pleading to allege that she was detained for an unreasonable length of time.

For these reasons, the judgment of the district court is

AFFIRMED.