In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-1903

JANE DOE,

*Plaintiff-Appellant,*

*v.*

JASON SMITH,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04-3173—**Richard Mills**, *Judge.*

ARGUED OCTOBER 27, 2005—DECIDED NOVEMBER 21, 2005

Before EASTERBROOK, EVANS, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.*    When she was 16, Jane Doe (not her real name) engaged in consensual sexual relations with Jason Smith, who was a year older. Smith had set up a hidden video camera and recorded the two in bed. After the couple stopped dating, Smith circulated the tape at their high school. At oral argument Doe's counsel maintained that Smith distributed copies by email and that at least one of the recipients posted the data on the Internet. Doe filed this suit seeking compensation for the injury caused by this invasion of her privacy. Doe and Smith are citizens of Illinois, so the litigation is in federal court only because one of her claims is that the video

recording is an unauthorized interception and its disclosure forbidden by the federal wiretapping statute, 18 U.S.C. §§ 2510-22. Section 2520 creates a private right of action for damages. Yet the district court dismissed the suit under Fed. R. Civ. P. 12(b)(6), ruling that Doe's complaint is defective because it does not allege in so many words that the recording was an "interception" within the meaning of §2510(4).

The complaint does not maintain that Smith "intercepted" anything. Yet pleadings in federal court need not allege facts corresponding to each "element" of a statute. It is enough to state a claim for relief—and Fed. R. Civ. P. 8 departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory. See, e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *McDonald v. Household International, Inc.*, No. 04-3259 (7th Cir. Sept. 29, 2005); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. Doe has done that; it is easy to tell what she is complaining about. Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain. . ." should stop and think: What rule of law *requires* a complaint to contain that allegation? Rule 9(b) has a short list of things that plaintiffs must plead with particularity, but "interception" is not on that list.

Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial. See, e.g., *Hishon v. King & Spalding*, 467

U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957). The consistency proviso is why some complaints may be dismissed pronto: litigants may plead themselves out of court by alleging facts that defeat recovery. See, e.g., *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). Complaints also may be dismissed when they show that the defendant did no wrong. For example, a complaint alleging that a sports team violated the antitrust laws by restricting peanut sales on the stadium's grounds is defective because the antitrust laws do not entitle one person to sell goods on someone else's property. See *Elliott v. United Center*, 126 F.3d 1003 (7th Cir. 1997). Doe has not pleaded herself out of court; none of the complaint's allegations shows that Smith is sure to succeed. The complaint does not say, for example, that she consented to the recording. Doe will have to prove some facts that she did not plead, but that's common. Nor is her claim legally deficient. To see this one has only to step through the statute.

The prohibitions bearing on Doe's allegations are in §2511(1):

> (1) Except as otherwise specifically provided in this chapter any person who—
>
> > (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
> >
> > . . .
> >
> > (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; . . .

. . . shall be subject to suit as provided in subsection (5).

The first question is whether Doe could show, without contradicting any of the complaint's allegations, that Smith captured a "wire, oral, or electronic communication". The answer is yes. Doe may be able to establish that the recording had a sound track and that she had an expectation of privacy, the two ingredients of the statutory definition: "'oral communication' means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication". 18 U.S.C. §2510(2). A silent film would be outside this definition, but most video recorders capture sound as well.

Next comes the question whether Smith "intercepted" the oral communication. This defined term "means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. §2510(4). If Doe and Smith engaged in "oral communication" in Smith's bedroom, then its acquisition by a video recorder—an "electronic . . . device"—is covered. And if the interception was forbidden by §2511(1)(a), then its disclosure was forbidden by §2511(1)(c).

Liability generally requires proof that the interception or disclosure occurred in or through the means of interstate commerce, such as the telephone network. See *Doe v. GTE Corp.*, 347 F.3d 655 (7th Cir. 2003). A home taping followed by a viewing at the local high school does not seem connected to interstate or international commerce. But if as plaintiff suspects Smith dispatched copies by email, which uses the interstate communications network, then the problem is solved. Smith contends that, if a link to interstate commerce cannot be shown, or if Doe relies on a

subsection under which it need not be shown, then the statute is unconstitutional. See *United States v. Morrison*, 529 U.S. 598 (2000); *United States v. Lopez*, 514 U.S. 549 (1995). That gets ahead of the game; there is no need to reach constitutional questions before we know what Doe will be able to demonstrate. Moreover, if Smith wants to call the constitutionality of this statute into question, then he must alert the district court and arrange for notice to be given to the Attorney General, so that the federal government may intervene to defend the legislation. See 28 U.S.C. §2403(a); Fed. R. Civ. P. 25(c). That has not been done.

The statute provides some defenses, such as consent. Any one private participant's consent usually suffices. 18 U.S.C. §2511(2)(d). Smith obviously consented to the recording, but that does not justify dismissing the suit. Complaints need not anticipate or attempt to defuse potential defenses. See, e.g., *Gomez v. Toledo*, 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003). What's more, the defense of single-party consent has limits. The full text of this subsection reads:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

Doe may be able to show that Smith made the recording "for the purpose of committing any criminal or tortious act"—for example, the creation of child pornography, see 720 ILCS 5/11-20(a)(1), or the intentional infliction of emotional distress. Doe presented several claims under state law; the district court relinquished supplemental jurisdiction

without deciding whether any of these theories is tenable. See 28 U.S.C. §1367(c)(3). Success on one of the state-law theories would prevent Smith from using the defense under §2511(2)(d). Because the state and federal issues are intertwined, both should be resolved in federal court.

On remand, the district judge must revisit the question whether the plaintiff should be allowed to proceed anonymously. The judge granted her application to do so without discussing this circuit's decisions, which disfavor anonymous litigation. See *Doe v. Blue Cross*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Sheriff of DuPage County*, 128 F.3d 586, 587 (7th Cir. 1997); *Doe v. Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret. See *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000). Plaintiff was a minor when the recording occurred but is an adult today. She has denied Smith the shelter of anonymity—yet it is Smith, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.

Everyone at the high school who saw the recording already knows who "Doe" is, and most people acquainted with Smith could find out whether or not they had seen the recording. (Their dating relationship was no secret.) Now perhaps anonymity still could be justified if the tape has been circulated more widely (as counsel asserted at oral argument), and disclosure would allow strangers to identify the person in the recording and thus add to her humiliation. That question should be explored in the district court—and, if the judge decides that anonymous litigation is inappropriate, the plaintiff should be allowed to dismiss the suit in

lieu of revealing her name.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*