NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 20, 2007[*]
Decided September 21, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1415

| | |
|---|---|
| STEVEN LANG,<br>        *Plaintiff-Appellant,* | Appeal from the United States<br>District Court for the Northern District of<br>Illinois, Eastern Division |
| *v.* | |
| | No. 06 C 1058 |
| TCF NATIONAL BANK and<br>WASHINGTON MUTUAL BANK<br>        *Defendants-Appellees.* | Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Steven Lang sued TCF National Bank (TCF) and Washington Mutual Bank (Washington Mutual) for furnishing incorrect credit information about Lang to ChexSystems, Inc. (ChexSystems), a Consumer Reporting Agency (CRA).  Lang alleged that the banks failed to investigate the claimed inaccuracies after they were notified of the errors, and thereby violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).  He appeals from the district court's dismissal of his complaint for failure to state a claim.  We reverse and remand.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  Fed. R. App. P. 34(a)(2).

The FCRA, 15 U.S.C. § 1681s-2(b), sets forth the duties of those who furnish credit information.  Under that statute, after a furnisher (such as a bank) receives notice from a CRA that a consumer disputes the "completeness or accuracy of information" that the furnisher gave the CRA, the furnisher must conduct a reasonable investigation and report the results of the investigation back to the CRA.  *See Westra v. Credit Control*, 409 F.3d 825, 827 (7th Cir. 2005); 15 U.S.C. §§ 1681i(a)(2), 1681s-2(b)(1)(A)-(E).

In evaluating whether Lang's complaint states a claim under this statute, we of course take as true the complaint's well-pleaded factual allegations and draw all reasonable inferences in Lang's favor.  *See Brown v. Budz*, 398 F.3d 904, 907 (7th Cir. 2005).  We also may consider any additional allegations in Lang's briefs to the district court or on appeal so long as those allegations are consistent with the complaint.  *See Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001).[1]  Finally, Washington Mutual and Lang agree that we may also consider the in-court oral clarification Lang made about his claims against Washington Mutual.

From these sources we glean the following allegations:  ChexSystems reported to Lang that both Washington Mutual and TCF had provided it with information about accounts that Lang once had with them.  ChexSystems also told Lang that it had "no information" about whether Lang currently had a debt with Washington Mutual.  Lang responded to ChexSystems that the information both banks had provided to ChexSystems was incorrect.  He said specifically that Washington Mutual knew that he had "paid the bank" any money he owed, so ChexSystems should have been able to acquire "information" reflecting no current debt with Washington Mutual.  After Lang notified ChexSystems of these errors, ChexSystems notified Washington Mutual of Lang's dispute.  (Lang did not expressly allege whether ChexSystems notified TCF of his disputes with the information TCF reported about him).  Neither bank corrected the alleged misinformation, even after Lang sent them letters informing them of the errors in the information they had reported.

The defendants each moved to dismiss Lang's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), but the banks took different

---

[1]  The district court refused to consider the additional facts Lang included in his response to Washington Mutual's motion to dismiss, saying "the Court appropriately considers only the complaint, not new assertions made in a party's brief" in deciding whether to dismiss the complaint.  The district court, however, should have considered the additional allegations that were consistent with Lang's complaint.  *See Help at Home, Inc.*, 260 F.3d at 752-53.

approaches to their motions. Washington Mutual argued that Lang pleaded himself out of court by alleging that he had "paid the bank." According to Washington Mutual, it had reported Lang for overdrafts, and Lang's statement that he had "paid the bank" indicated that Lang once owed Washington Mutual money, rendering the information in Lang's credit report accurate. TCF, in contrast, argued that Lang's claims against it should be dismissed because Lang failed to allege specifically that ChexSystems had notified TCF of Lang's complaints. Without this allegation, said TCF, the plaintiff had not properly alleged that TCF's duty to investigate under § 1681s-2(b) was activated. The district court granted TCF's and Washington Mutual's motions to dismiss on the ground urged by TCF: that Lang did not allege that ChexSystems had notified either bank of his dispute.

On review we begin with the claim against TCF. TCF urges us to affirm the district court's dismissal on the ground that Lang failed to allege that ChexSystems notified TCF of Lang's dispute; TCF insists that § 1681s-2(b) requires it to investigate a consumer complaint only after a CRA notifies it of the consumer's dispute, so the missing allegation dooms Lang's claim.

In general when a plaintiff brings a claim in federal court, he need only provide enough "detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests,'" and, through his allegations show that it is plausible, rather than merely speculative, that he is entitled to relief. *EEOC v. Concentra Health Care Servs., Inc.*, No. 06-3436, 2007 WL 2215764, at *2 (7th Cir. Aug. 3, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (further citations omitted)). Even after the Supreme Court's recent *Bell Atlantic* case, complaints in federal courts need only satisfy a notice pleading standard. *Airborne Beepers & Video, Inc., v. AT&T Mobility LLC*, No. 06-2949, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007) (citing *Erickson v. Pardus*, 127 S. Ct. 2197 (2007)). We have distinguished notice pleading from evidentiary proof by stressing that "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.'" *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923-924 (7th Cir. 2007). Further, we have admonished that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

Federal Rule of Civil Procedure 9(b), which requires heightened pleading for a subcategory of claims such as fraud, *see Vincent*, 485 F.3d at 925, can provide such a rule of law. But TCF does not argue that Rule 9(b) applies in this case. Indeed, "notification" is not on the list of items that must be pleaded with particularity

under that rule. *Bell Atlantic*, for its part, requires only that the complaint provide "fair notice" of a plaintiff's claims and that recovery be "plausible." 127 S. Ct. at 1964. Lang's allegations meet those requirements. He asserts that he told ChexSystems (a CRA) that TCF furnished false information, that TCF refused to investigate or correct the false report even after learning of the asserted error, and that it thereby violated the FCRA. Even TCF does not argue that these allegations did not provide it with fair notice of Lang's claim or that, when the allegations are assumed to be true, recovery is implausible. Finally, there is a practical reason why Lang should not be required to allege that ChexSystems notified TCF of the error. The FCRA does not require a CRA to tell a *consumer* when it notifies a *furnisher of information* about the consumer's dispute. As a result a consumer may not, at the time of filing a complaint, be in a position to allege that notification. TCF may have a compelling argument for summary judgment if it can demonstrate undisputably that a CRA did not notify it of Lang's dispute, but at this point Lang's recovery under the FCRA is *plausible*, which is all that notice pleading requires, *see Bell Atl.*, 127 S. Ct. at 1974. Accordingly the complaint is sufficient as to TCF.

Washington Mutual properly concedes that the district court erred in dismissing Lang's claims against it on the basis of Lang's supposed failure to plead that ChexSystems apprised it of the dispute. But it argues that we may affirm the district court's dismissal on the basis of the argument it pursued in the district court—that Lang pleaded himself out of court by saying that he "paid the bank." Lang complains that the report is inaccurate, not because of its indication of previous indebtedness, but because the report asserted that ChexSystems had "no information" about whether Lang currently owed Washington Mutual money. Lang says that Washington Mutual had information that Lang did not owe it money and should have reported that information to ChexSystems. Lang therefore did not plead himself out of court on his FCRA claim against Washington Mutual by saying that he "paid the bank."

Accordingly, we REVERSE the district court's dismissal of Lang's claims against TCF and Washington Mutual and REMAND for further proceedings.