**P.D., by his next friend and parents, C.D. and T.D., Plaintiff,**

v.

**CARROLL CONSOLIDATED SCHOOL CORPORATION, et al., Defendants.**

Cause No. 4:11–CV–50–RLM–PRC.

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

Oct. 24, 2011.

**908**

Jacquelyn E. Bowie–Suess, Indianapolis, IN, Kenneth J. Falk, ACLU of Indiana, Indianapolis, IN, for Plaintiff.

Thomas E. Wheeler, II, Frost Brown Todd LLC, Indianapolis, IN, for Defendants.

## OPINION AND ORDER

PAUL R. CHERRY, United States Magistrate Judge.

This matter is before the Court on a Plaintiff's Motion to Allow Parents, as Legal Guardians, Custodians and Next Friends, to Proceed by Anonymous Names and Motion to Seal Affidavit Containing Actual Names [DE 5], filed by Plaintiff on September 15, 2011. Defendant has not filed a response to the instant Motion, and the time to do so has expired. In the instant Motion, Plaintiff requests that the Court allow the parents representing minor Plaintiff P.D. to proceed by their initials and requests that the Court seal an attached affidavit. The Court will consider each of these requests in turn.

## ANALYSIS

### A. Motion to Proceed by Anonymous Names

First, Plaintiff requests that the minor Plaintiff's parents, who are representing Plaintiff in this action, be allowed to proceed by anonymous names.

Federal Rule of Civil Procedure 5.2 provides, in relevant part, that "in an electronic or paper filing with the court that contains ... the name of an individual known to be a minor, ... a party or nonparty making the filing may include only ... the minor's initials." Fed.R.Civ.P. 5.2(a)(3). Plaintiff argues that revealing the names of Plaintiff's parents violates the intent of Rule 5.2 because the minor would be easily identified if the minor's parents' names are made known.

██ Anonymous litigation is "disfavor[ed]" because "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) (citations omitted). "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff ... exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir.2004) (citations omitted). The Court must not automatically grant a motion to proceed anonymously even if there is no objection, but must "engage[ ] in the careful and demanding balancing of interests required in making this determination." *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 722 (7th Cir.2011) (citing *Smith*, 429 F.3d at 710; *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir.1997)).

The Seventh Circuit's recent opinion in *Doe v. Elmbrook School District* is instructive, laying out what interests and factors the Court should consider in making its determination of whether anonymous litigation is appropriate in this case. 658 F.3d at 720–25. The *Elmbrook* court noted that the district court's decision to allow

anonymity was made on the basis of a "thorough motion that 'cited the appropriate cases,' thereby making the court 'aware of the proper standard.'" *Id.* at 721–22 (quoting *Wolf v. Kennelly,* 574 F.3d 406, 411 (7th Cir.2009)). It also recognized the danger of retaliation the plaintiffs in that case faced if their identities were made known, made evident through multiple sworn declarations accompanying the motion, and the retaliation the plaintiffs had already suffered. *Id.* at 723–24. Finally, the court emphasized that having children involved in the suit was a significant factor in favor of anonymity, particularly given the inflammatory subject matter of the case and the risk of harm the plaintiff children faced if their identities were made known through the revealing of their parents' names. *Id.*

■ In the brief memorandum accompanying his Motion, Plaintiff cites the Federal Rules of Civil Procedure that allow for anonymity and one case that lays out the standard of "exceptional circumstances" that must exist to allow pseudonyms. Plaintiff does not describe any possible danger or harm that may befall him or his parents if their identity is disclosed. Likewise, the single affidavit attached to the Motion does not refer to any danger or potential for retaliation, but simply describes a desire to "minimize, to the greatest extent possible, public disclosure of [the] child's identity." It is not self-evident that the free speech concerns central to the Complaint are notably inflammatory or likely to evoke retaliation: Plaintiff is seeking the freedom to continue to express himself at school and emphasizes throughout the Complaint that his chosen method of speech caused no disruption.

The Court recognizes that an important factor in favor of anonymity is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *Id.* (quoting

*Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 190 (2d Cir.2008)). Therefore, the Court will not require the names of Plaintiff's parents to be immediately made public, but will keep their anonymity intact to allow time for Plaintiff to address the Court's concerns. If there are exceptional circumstances in this case that would prescribe anonymity on behalf of the minor Plaintiff's parents, Plaintiff may file a renewed Motion on or before November 4, 2011. Any renewed Motion should recognize the presumption against anonymity for adult parties and clearly show that the harm to Plaintiff and/or his parents "exceeds the likely harm from concealment." *City of Chicago,* 360 F.3d at 669.

**B. Motion to Seal**

For the reasons laid forth above, Plaintiff also seeks leave of Court to file any documents containing the actual names of Plaintiff's parents under seal.

■ "[T]he public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. SmithKline Beecham Corp.,* 602 F.Supp.2d 960, 974 (E.D.Wis.2009) (citing *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944–45 (7th Cir.1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir.2006). Local Rule 5.3 provides that "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5.3.

■ As described above, Plaintiff has not provided enough information for the Court to conclude that there is good cause

to keep the names of Plaintiff's parents hidden such that the Court can rigorously justify the requested seal of their identities.

Furthermore, the initial request is that the Court allow Plaintiff's counsel "to file the affidavits with the actual names with this Court, under seal." Plaintiff did not attach to the instant Motion any of the documents he desires to file under seal. Given the public's important interest in a complete record, the Court is hesitant to seal a document without first examining it to determine whether a full seal is appropriate or whether the important privacy considerations, if any, can be accomplished through less-stringent means. Accordingly, the Court will not grant a blanket request to allow any document containing the parents' names to be filed under seal.

Plaintiff subsequently filed a sealed "Notice of Filing Under Seal" [DE 9], but did not file a Motion to file that document under seal. Attached to the Notice is a document described as an Affidavit Plaintiff desires to have sealed. The Affidavit includes the full signatures of Plaintiff's parents but is otherwise identical to the affidavit accompanying the instant Motion. There is no authorizing statute, Court rule, or Court order that permitted the filing of the Notice or attached affidavit under seal. However, the Court recognizes that both documents contain the full names of Plaintiff's parents.

Upon review of the Notice and accompanying affidavit, it is apparent to the Court that, to the extent that it is appropriate to keep the names of Plaintiff's parents out of the public record, protection of their anonymity can be accomplished through the redaction of their names. The Court cannot conclude that good cause exists to maintain the documents under seal, particularly as a redacted version of the affidavit has already been placed on the public docket by Plaintiff. *See, e.g., Chapman v. Raemisch*, No. 05–C–1254, 2009 WL 425813, at *7, 2009 U.S. Dist. LEXIS 13276, *19–20 (E.D.Wis. Feb. 20, 2009) ("[G]ood cause [to seal] does not extend to those portions of the records so relevant to plaintiff's claim that they have been cited or quoted by the parties or the court in other documents."). Accordingly, if the Plaintiff chooses to submit a renewed Motion to proceed anonymously, he may also submit redacted versions of the Notice and attached affidavit at DE 9. To the extent that the parties are allowed to proceed anonymously, the redacted documents will be placed on the docket and the unredacted originals will be maintained under seal. If no renewed Motion is forthcoming, the Court will lift the seal on November 4, 2011.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Plaintiff's Motion to Allow Parents, as Legal Guardians, Custodians and Next Friends, to Proceed by Anonymous Names and Motion to Seal Affidavit Containing Actual Names [DE 5]. If Plaintiff wishes to maintain the anonymity of Plaintiff's parents, he must file, on or before *November 4, 2011,* a renewed Motion that complies with the requirements laid out above and appropriately redacted versions of the documents at [DE 9]. If the Court receives no renewed Motion, all materials will be unsealed and the caption of the case will be changed to reflect the names of Plaintiff's parents. The Court **DIRECTS** the Clerk of Court to maintain the documents at [DE 9] under seal and to continue to use the initials of Plaintiff's next friends and parents, C.D. and T.D., on the docket until further Order of the Court.