In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2069

JOHN DOE,

*Plaintiff-Appellant*,

*v.*

VILLAGE OF DEERFIELD, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 7423 — **Elaine E. Bucklo**, *Judge.*

SUBMITTED FEBRUARY 25, 2016 — DECIDED APRIL 12, 2016

Before BAUER, MANION, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* This case presents a matter of first impression for us: whether an order denying leave to proceed anonymously is immediately appealable. Guided by the reasoning of some of our sister circuits, we find that an order denying leave to proceed anonymously does fall within the collateral order doctrine and is immediately appealable.

An individual filed a lawsuit in federal district court naming the Village of Deerfield, Lisa Batchelder, and Gary

Zalesny as defendants (collectively "defendants-appellees"). In his caption, the individual plaintiff identified himself as "John Doe," which is not his real name. The defendants-appellees moved to dismiss Doe's complaint for, among other things, failure to provide his true name in the caption of his complaint. The district court granted without prejudice the motion to dismiss and denied Doe's motion for leave to proceed anonymously. Doe now appeals these rulings. Although Doe has won the jurisdictional battle, he has lost the war; while we do have jurisdiction to hear Doe's appeal, we find that Doe has failed to show exceptional circumstances justifying anonymity. Therefore, we affirm the orders of the district court.

## I. BACKGROUND

Doe filed his complaint on September 23, 2014, asserting an equal protection claim under 42 U.S.C. § 1983 and a malicious prosecution claim under Illinois state law. The facts are taken from Doe's complaint, which we are required to accept as true. *Golden v. State Farm Mut. Auto. Ins. Co.*, 745 F.3d 252, 253 (7th Cir. 2014). Defendants-appellees Batchelder and Zalesny made false statements to a Village of Deerfield police officer, which resulted in Doe's arrest. The Village of Deerfield prosecuted Doe for violations of two ordinances. Although the Village of Deerfield became aware of the falsity of Batchelder's and Zalesny's statements during the prosecution, it nevertheless proceeded with prosecuting Doe and refused to dismiss the charges. The criminal case "resolved in [Doe's] favor," and he obtained an order expunging his related arrest and prosecution records. Doe asserts that his arrest and prosecution were conducted in retaliation for a previous lawsuit he filed against a Village of Deerfield police officer.

All three defendants-appellees filed motions to dismiss Doe's complaint in January and February 2015, based in part upon Doe's failure to comply with Federal Rule of Civil Procedure 10(a) requiring him to provide his true name in his complaint's caption. In conjunction with his opposition to defendants-appellees' motions to dismiss, Doe filed a motion for leave to proceed anonymously on March 2, 2015.

The district court denied Doe's motion to proceed anonymously, finding Doe did not show exceptional circumstances to justify anonymity. Doe argued that having to reveal his true identity would thwart the purpose of the expungement of his criminal records and would embarrass him. After weighing these arguments in favor of anonymity against the harm of anonymity and the right of the public and the litigants to be fully informed of the parties' identities, the district court found Doe's potential embarrassment to be insufficient to justify anonymity in a suit which Doe voluntarily brought. The district court denied Doe's motion and granted defendants-appellees' motion to dismiss without prejudice, allowing Doe to refile his complaint under his true name. Doe then moved the district court to stay the proceedings pending his appeal, which the district court granted.

## II. DISCUSSION

We first consider whether we have jurisdiction to hear Doe's appeal, which is a matter of first impression in our circuit. Generally, our jurisdiction is limited to "final decisions

of the district courts." 28 U.S.C. § 1291.[1] An order dismissing a complaint without prejudice is not a final order that is appealable. *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 682 (7th Cir. 1990). Preliminarily, then, both the order denying Doe leave to proceed anonymously and the dismissal without prejudice of Doe's complaint are not final appealable orders.

However, our inquiry does not end there. In *Cohen v. Beneficial Industrial Loan Corporation*, the United States Supreme Court enunciated the collateral order doctrine, which carves out a "small class" of non-final orders that are deemed final and immediately appealable. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949); *see also Mowhawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (citation omitted). To fall within the collateral order doctrine, the non-final order must: (1) be conclusive on the issue presented; (2) resolve an important question separate from the merits of the underlying action; and (3) be "effectively unreviewable" on an appeal from the final judgment of the underlying action. *Mowhawk*, 558 U.S. at 106 (citation and quotation omitted); *see also Abelesz v. Erste Grp. Bank AG*, 695 F.3d 655, 659 (7th Cir. 2012) (citation omitted). These three elements giving rise to collateral review are to be "stringent[ly]" applied, lest the collateral order doctrine exception swallow the whole of the final order doctrine. *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085, 1088–89 (7th Cir. 2014) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) and *Will v. Hallock*, 546 U.S. 345, 350 (2006)); *see also Herx*, 772 F.3d at 1089 (citations omitted)

---

[1]   28 U.S.C. § 1292 provides for certain interlocutory orders that are immediately appealable, none of which apply in this case.

*and Abelesz*, 695 F.3d at 659 (citations omitted) (collateral order exception is "narrow" and "modest" in scope).

In determining whether an order falls under the collateral order doctrine, we are to examine "the entire category to which a claim belongs," rather than "engag[ing] in an individualized jurisdictional inquiry." *Mohawk*, 558 U.S. at 107 (citations and quotations omitted). Thus, for jurisdiction purposes, we must determine whether denials of motions to proceed anonymously fall under the collateral order doctrine as a whole, rather than scrutinize the individual denial of Doe's motion.

As mentioned above, we have not yet had the opportunity to decide whether a denial of a motion for leave to proceed anonymously falls within the collateral order exception. But, a number of our sister circuits have had such an opportunity and have found in the affirmative. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("*Does I thru XXIII*"); *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998); *James v. Jacobson*, 6 F.3d 233, 234 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 322 n.2 (11th Cir. 1992) (based on adoption of 5th Circuit precedent); *S. Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979).

We join our sister circuits and determine that, as a class, denials of motions for leave to proceed anonymously are immediately appealable because they meet the three elements of the collateral order doctrine. First, they are conclusive on the issue presented; such orders conclusively preclude a party's ability to proceed anonymously. *Mowhawk*, 558 U.S. at 106 (citation and quotation omitted); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988); *Does I thru XXIII*, 214

F.3d at 1066. Second, the question of anonymity is separate from the merits of the underlying action. *Mowhawk*, 558 U.S. at 106 (citation and quotation omitted); *Does I thru XXIII*, 214 F.3d at 1066. Whether a party officially utilizes a fictitious name has no bearing on the litigation process and the resolution of the underlying merits; district courts have various means, including protective orders and placing documents under seal, of preventing a party's name from reaching the public domain. Third, we are persuaded by the reasoning of the Ninth Circuit that a district court's decision would be "effectively unreviewable" on appeal from a final decision in the case. If parties were required to litigate the case through to a final judgment on the merits utilizing their true names, the question of whether anonymity is proper would be rendered moot. *Does I thru XXIII*, 214 F.3d at 1066 ("Appellate review of the district court order [denying anonymity] after the district court renders a final decision on the [merits of the underlying claim] will have no legal or practical value."). We agree and hold that orders denying motions for leave to proceed anonymously fall under the collateral order doctrine and are immediately appealable.

Despite the fact that we have not previously had the opportunity to consider a denial of a motion for leave to proceed anonymously directly, we have established the appropriate legal standard for reviewing the merits of an anonymity claim on appeal from other final orders. *See Doe v. City of Chicago*, 360 F.3d 667, 669–70 (7th Cir. 2004); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). Specifically, we review the district court's denial of Doe's motion for abuse of discretion only. *Doe ex rel. Doe v.*

*Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011) (citations omitted), *aff'd en banc in relevant part*, 687 F.3d 840, 842–43 (7th Cir. 2012); *K.F.P. v. Dane Cty.*, 110 F.3d 516, 519 (7th Cir. 1997) (citation omitted). There is no abuse of discretion "if the district court 'applied the correct legal standard and reached a reasonable decision based on facts supported by the record.'" *Elmbrook*, 658 F.3d at 721 (quoting *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007)).

We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. *Blue Cross*, 112 F.3d at 872 (citations omitted); *Chicago*, 360 F.3d at 669 (citations omitted).

In some situations, a litigant's use of a fictitious name is warranted. Such situations include protecting the identities of "children, rape victims, and other particularly vulnerable parties." *Blue Cross*, 112 F.3d at 872. Further, a party's allegation of fear of retaliation "is often a compelling ground" in favor of anonymity. *Chicago*, 360 F.3d at 669 (citations omitted). For instance, we affirmed the use of fictitious names where plaintiffs, minor children and their parents, had legitimate fears of future retribution in a case involving religious freedom. *Elmbrook*, 658 F.3d at 723–24.

However, we have found anonymity unjustified in other situations. For example, we found the plaintiff's fear of disclosure of his medical and psychiatric information through litigation was insufficient to warrant the plaintiff's anonymity. *Blue Cross*, 112 F.3d at 872. We have also questioned whether a sexual harassment claim, standing alone without any allegations of rape or torture or fear of retaliation, would justify anonymity. *Chicago*, 360 F.3d at 696; s*ee also Coe v. Cty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) (party's embarrassment of past "immoral or irresponsible" behavior insufficient basis for anonymity).

Here, anonymity is not justified, and the district court did not abuse its discretion in denying Doe's motion for leave to proceed anonymously. The district court applied the correct legal standard to the facts present in the record: it balanced Doe's stated reasons supporting anonymity—that having to proceed under his true name would defeat the purpose of his criminal expungement and any resulting embarrassment he might feel—against the public's and parties' rights to the identities of parties and the potential prejudice to the opposing parties. The district court gave a detailed, well-reasoned opinion on the issue of anonymity, finding Doe had not presented exceptional circumstances justifying use of a fictitious name in a civil suit he voluntarily filed. We find no abuse of discretion on the part of the district court in denying Doe's motion for leave to proceed anonymously. The district court was correct in dismissing Doe's complaint without prejudice, preserving Doe's ability to refile under his true name.

In conclusion, we reiterate our Circuit Rule 26.1, which requires a party proceeding under a fictitious name to state his or her true name in his or her disclosure statement, with such statement being filed under seal. 7th Cir. R. App. P. 26.1(b). The purpose of the disclosure statement is to "enable a judge of this court to determine whether he or she is recused from the case." *Coe*, 162 F.3d at 498. Doe failed to comply with this Rule, thereby gambling with our ability to ensure impartiality in this case.

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.