**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 18, 2019
Decided March 14, 2019

Before

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1486

| | |
|---|---|
| RUBY RODRIGUEZ,<br>    *Plaintiff-Appellant*,<br><br>        *v.*<br><br>MILWAUKEE COUNTY, SONIA PORTER, and<br>WISCONSIN COUNTRY MUTUAL INSURANCE<br>CORPORATION,<br>    *Defendants-Appellees*. | Appeal from the United States<br>District Court for the<br>Eastern District of Wisconsin.<br><br>No. 2:16-cv-00130<br><br><br>Nancy Joseph,<br>*Magistrate Judge*. |

**ORDER**

Ruby Rodriguez brought this action under 42 U.S.C. § 1983 against Sonia Porter and Milwaukee County, alleging violations of her Fourth and Fourteenth Amendment rights. A magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c), granted summary judgment to the defendants, concluding that Rodriguez could not prevail on any of her claims against Porter or the county. We affirm.

On the afternoon of June 25, 2015, Ruby Rodriguez arrived at the Milwaukee County Jail with $2,906.07 in cash and a $10,000 cashier's check, intending to post bail for her son. According to the jail's bail procedure, a warrant check is run on anyone posting bail. And when the bail amount is $10,000 or more, the Criminal Investigations Unit is contacted to determine the source of the funds.

Jail staff ran a warrant check on Rodriguez at 3:55 p.m. The check revealed that Rodriguez had an outstanding Commitment Order related to a violation for resisting or obstructing an officer. The Order instructed law enforcement to arrest Rodriguez and "deliver [her] to the Inspector of the House of Corrections of Milwaukee County," where the Inspector was to "receive and keep [her] in custody" for nine days unless her outstanding judgment of $439, together with all costs and fees, was "sooner paid."

Sonia Porter, a corrections officer working as a jail records officer that day, learned about the active Commitment Order and proceeded to place Rodriguez under arrest, even though she later admitted that she lacked "arrest powers." Rodriguez claims to have asked Porter if she could simply pay the judgment and avoid arrest, but Porter rejected the offer. Porter handcuffed Rodriguez, patted her down, took her personal belongings, and moved her to a different area for booking. Porter's total interaction with Rodriguez lasted about an hour and twenty minutes.

Later that night, after she had been fingerprinted and photographed, Rodriguez asked to initiate the process for self-bail. But because of the jail's procedures for reviewing the release of inmates, the jail was unwilling to immediately process her request. The jail prepares an "arrest detention report packet" (ADR packet) for every inmate. All information in the ADR packet, including verification of an inmate's fingerprints, must be completed and reviewed before an inmate is released.

At 3:00 a.m., Rodriguez's fingerprints were confirmed, and at 4:59 a.m., an officer prepared and reviewed Rodriguez's ADR packet. About ten minutes later, the packet was reviewed again by two supervisors, who approved Rodriguez's release. The jail then processed her request for self-bail and released her at 5:43 a.m., approximately 13 hours after the initial arrest.

Several months later, Rodriguez filed a § 1983 action in Milwaukee County against Porter and Milwaukee County. The case was removed to federal court. In her complaint, Rodriguez claimed that Porter violated her Fourth Amendment right to be free from unreasonable arrests and her Fourteenth Amendment right to due process by (1) arresting her without state-law authority to arrest; (2) arresting her without first allowing her to pay the judgment, in violation of the

terms of the Commitment Order; and (3) detaining her for an unreasonable period. Rodriguez also alleged that Milwaukee County was liable for Porter's constitutional violations under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Porter and Milwaukee County filed a motion for summary judgment on all claims, and the magistrate judge granted the motion, concluding that there was no dispute as to any material fact and that the defendants were entitled to judgment as a matter of law. We agree.

Rodriguez's first two arguments—those relating to Porter's arrest of her—both allege that the arrest violated state law. Maybe it did, at least in part. Porter concedes that she lacked authority to make the arrest; on the other hand, Rodriguez's argument that the Commitment Order prohibited her arrest if she made an on-the-spot offer to pay the fine is a stretch. Regardless, it is well established that an otherwise reasonable arrest does not violate the Fourth Amendment simply because it violates state law. *Virginia v. Moore*, 553 U.S. 164, 176 (2008); *see id.* ("[S]tate restrictions do not alter the Fourth Amendment's protections."). And the existence of the active Commitment Order instructing law enforcement to arrest Rodriguez rendered the arrest reasonable for purposes of the Fourth Amendment. *Cf. United States v. Brewer*, 915 F.3d 408, 414 (7th Cir. 2019) (a state-court magistrate judge issued a warrant authorizing GPS tracking of the defendant only within the state of Indiana, but the officers' continued tracking outside of the state was not unreasonable for purposes the Fourth Amendment); *Doe v. Sheriff of DuPage Cty.*, 128 F.3d 586, 588 (7th Cir. 1997) (a bench warrant provided probable cause for the arrest of the plaintiff, which in turn legitimized her detention and booking even though she had the ability to post bail immediately). Her effort to remedy these alleged state-law violations through the Fourth Amendment is frivolous.

Rodriguez's argument regarding the length of her detention also fails, at least as far as Porter is concerned. Rodriguez attempts to attribute her entire 13-hour detention to Porter, but an individual "cannot be held liable in a § 1983 action unless [s]he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Rodriguez concedes that her total contact with Porter lasted only an hour and twenty minutes and that Porter made no decisions regarding her continued detention beyond that point. Thus, the question whether *Porter* violated Rodriguez's constitutional rights must be assessed with respect to that shorter timeframe.

While we have held that detentions longer than Rodriguez's were reasonable, *see, e.g., Chortek v. City of Milwaukee*, 356 F.3d 740, 747–48 (7th Cir. 2004), even a shorter detention could violate the Fourth Amendment if it involves "[n]eedless

delay, or delay for delay's sake—or worse, delay deliberately created so that the process becomes the punishment." *Portis v. City of Chicago*, 613 F.3d 702, 705 (7th Cir. 2010). But there are simply no facts in the record from which we could infer that any such unreasonable delay occurred during the hour and twenty minutes that Porter interacted with Rodriguez. *See id.* ("[T]he plaintiff bears the burdens of proof and persuasion on the contention that any particular detention was excessive.…"). Thus, Rodriguez's claim that Porter detained her for an unreasonable period goes nowhere.

The failure of Rodriguez's claims against Porter render her *Monell* claim against Milwaukee County a nonstarter. Without a constitutional violation, there is nothing for which to hold the county responsible. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994). And even if Rodriguez could show that Porter or some other employee violated her Fourth Amendment rights by unreasonably detaining her, she can recover from the county only if she can establish "the existence of a policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation." *See Jones v. City of Chicago*, 787 F.2d 200, 203 (7th Cir. 1986). Rodriguez claims that the county had a "widespread practice" of unconstitutional arrests and detentions, but she alleges only one such incident: her own. That is plainly insufficient. *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) ("When a plaintiff chooses to challenge a municipality's unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference.").

Rodriguez's claims fail at every turn. The magistrate judge's grant of summary judgment to the defendants is AFFIRMED.