In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 24-2245

JOHN DOE,

*Plaintiff-Appellant,*

*v.*

UNIVERSITY OF SOUTHERN INDIANA, et al.,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:21-cv-00144-TWP-CSW — **Tanya Walton Pratt**, *Judge.*

———————————

ARGUED JULY 29, 2025 — DECIDED APRIL 13, 2026

———————————

Before BRENNAN, *Chief Judge,* and HAMILTON and ST. EVE,
*Circuit Judges.*

HAMILTON, *Circuit Judge.* We consider here an adult
plaintiff's use of a pseudonym in a lawsuit under Title IX of
the Education Amendments Act of 1972, 20 U.S.C. § 1681,
which broadly prohibits sex discrimination in education
programs or activities receiving federal funding. Plaintiff-
appellant "John Doe" was a student at the University of
Southern Indiana (USI) in the 2020–21 academic year. He was

the subject of a Title IX complaint accusing him of sexually assaulting another student. A hearing panel heard testimony from John, from the complaining student (we call her "Jane Doe"), and several other witnesses. The panel wrote that the issue was "whose version of events is more credible, as the details of each are irreconcilable." The panel found that Jane's account was more credible—in part because, in the panel's view, her account had been "consistent over time" while John's account had changed. The panel found by a preponderance of the evidence that John had committed "Rape and Forcible Fondling." John was suspended from the university for three semesters in 2021. He has not returned since and has no intention of returning in the future.

After the hearing panel's decision, John quickly filed this lawsuit, which defendants removed to federal court. He has alleged that USI discriminated against males, including him, in violation of Title IX; that USI and other defendants deprived him of protected liberty and property interests without due process; and that defendants intentionally inflicted emotional distress on him through outrageous conduct. The district court denied John's request for a preliminary injunction, and this court affirmed. *Doe v. University of Southern Indiana*, 43 F.4th 784 (7th Cir. 2022).

John then learned through discovery that Title IX officials at USI created memoranda of early conversations with John and Jane. Those memoranda showed at least arguably (1) that John's account actually *was consistent* over time and (2) that Jane's account *was not consistent* over time. USI had not disclosed those records to John or to any Title IX decisionmakers, thus calling into question the foundation for the hearing panel's decision on the merits. In Title IX cases,

however, federal courts do not conduct any direct appellate review of such decisions by educational institutions. The district court ultimately granted summary judgment for defendants on all of plaintiff's claims.

John has filed three appeals from decisions of the district court in Nos. 24-2245, 24-2318, and 24-2771. We consolidated the three appeals for argument before one panel. This appeal, No. 24-2245, challenges the district court's order denying plaintiff the right to litigate under a pseudonym while keeping his real name confidential.

Before we issue any decision on the jurisdictional or merits issues, we must confront the logically prior procedural issue: whether plaintiff may proceed under the John Doe pseudonym or whether he must instead proceed in this court using his real name. Magistrate Judge Wildman ordered plaintiff to litigate under his real name. District Judge Pratt considered and overruled plaintiff's objection to that order. *Doe v. University of Southern Indiana*, 2024 WL 3410801 (S.D. Ind. July 11, 2024). The district court stayed its order, however, pending this appeal, so briefing and argument in this court have proceeded under the pseudonym.

We have jurisdiction over this appeal on the pseudonym question as an appeal from a collateral order, and we review that decision for an abuse of discretion. *Doe v. Village of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016). "There is no abuse of discretion 'if the district court "applied the correct legal standard and reached a reasonable decision based on facts supported by the record."'" *Id.*, quoting *Doe v. Elmbrook School Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), aff'd en banc in relevant part, 687 F.3d 840, 842–43 (7th Cir. 2012), quoting in turn *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc).

We have explained in many opinions why there is a strong presumption in favor of requiring adult parties to litigate under their real names in federal court. E.g., *Roe v. Dettelbach*, 59 F.4th 255, 259–60 (7th Cir. 2023); *Village of Deerfield*, 819 F.3d at 377; *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567–68 (7th Cir. 2000); *Doe v. Blue Cross & Blue Shield of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997).

We have applied this presumption to Title IX cases even though they often involve complaints and findings about accusations of sexual assault and other sensitive subjects. *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024); *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024). Still, our decisions in these cases have left room to proceed under a pseudonym if a party can show a "substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court." *Indiana University*, 101 F.4th at 491. We have declined to allow use of pseudonyms to avoid embarrassment. *Id.*

The district court found that plaintiff had not shown that he faced a substantial risk of such harms. Plaintiff argues both that he satisfies the substantial risk of harm standard articulated in *Indiana University* and *Loyola Chicago* and that we should reconsider and broaden that standard. We are not persuaded on either score.

In terms of satisfying the *Indiana University* and *Loyola Chicago* standard, first, plaintiff is not a minor. He contends, however, that disclosure of his identity would put him at risk of physical harm. He bases this assertion on vile social media posts that threatened him and his mother with death or

physical harm back in 2021, when the events were fresh and the Title IX proceedings were going forward in the university. The district court rejected this argument, noting in 2024 that the messages were several years old, that plaintiff's true identity was known to some of those posting, that no harm had come plaintiff in the intervening years, and that there was no other evidence indicating any intent to follow through on those threats years later. The evidence also showed that plaintiff had left the Midwest and had no intention of returning to USI.

We find no error or abuse of discretion in the district court's evaluation of the issue of physical danger. Nor is there any indication of danger of retaliation in the form of "private responses unjustified by the facts as determined in court." See *Indiana University*, 101 F.4th at 493. Plaintiff thus cannot satisfy the standard we adopted and applied in *Indiana University* and *Loyola Chicago*.

Plaintiff argues further that the *Indiana University* and *Loyola Chicago* standard has been too narrow and that we should allow use of a pseudonym to protect a party's mental health. There is evidence that plaintiff contemplated suicide in the midst of the proceedings but was helped by another student who sought help from USI officials. Dkt. 415 at 11. The contemplation of suicide is a stark reminder that the issue here involves more than embarrassment. Title IX proceedings and the events that lead to them can have devastating consequences, whether the situation and identities of those involved are publicized or not.

We are not persuaded, however, that we should broaden the *Indiana University* and *Loyola Chicago* standard to protect a party from risks that publicity would harm his mental health.

As the First Circuit acknowledged in *Doe v. Massachusetts Institute of Technology*, federal lawsuits can be stressful and "frequently invade customary notions of privacy and—in the bargain—threaten parties' reputations." 46 F.4th 61, 70 (1st Cir. 2022) (vacating and remanding district court's denial of leave to use pseudonym). But the lines between embarrassment, stress, and degrees of mental illness are not sharp. If there is any mental health exception for the strong presumption against use of pseudonyms, and we are not saying there is, plaintiff's evidence of risk to his mental health was not so compelling that the district court abused its discretion in denying use of a pseudonym here.

Further, each side argues that the strength of its position on the merits of the case favors its position on plaintiff's use of a pseudonym. Plaintiff points out that Title IX proceedings within universities and colleges are supposed to be confidential, a factor the First Circuit held must be weighed in deciding on the use of a pseudonym in a Title IX lawsuit. See *Massachusetts Inst. of Technology*, 46 F.4th at 74–76. He contends that the defendants have admitted they concealed evidence, thus violating his rights under Title IX and effectively forcing him to go to federal court for a remedy. As he sees the case, it's not fair to allow defendants' violations of Title IX to force him to surrender the anonymity that applied in the university proceedings.

Defendants, on the other hand, point out that the hearing officers ruled against plaintiff, finding him responsible for a sexual assault. Defendants note that even victims of sexual assault are not necessarily entitled to anonymity in Title IX litigation in federal court. Defendants argue that this plaintiff, having been found after a hearing to have committed a sexual

assault, should not be entitled to greater rights to anonymity than a victim would have.

We reject both sides' reliance on the merits of their positions as a basis for deciding on the use of a pseudonym. We are reluctant to adopt a test for pseudonyms that would depend on or even consider the merits of a party's claims or defenses, such that a district court would need to take an early look at the merits of the case to decide the pseudonym issue.

The use of a pseudonym must be decided, at least initially, close to the beginning of a lawsuit, well before a court can ordinarily provide a reliable assessment of the merits. Moreover, while decisions about using a pseudonym can be appealed as collateral orders, that is so only because such orders must "resolve an important issue completely *separate from the merits* of the action." *Massachusetts Inst. of Technology*, 46 F.4th at 65, quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006) (emphasis added). It would be incongruous, if not downright self-contradictory, to say that the resolution of just such a collateral issue should depend on an assessment of the merits of the case.

The bottom line in this appeal is that the district court did not abuse its discretion by denying plaintiff the use of a pseudonym, and its order to that effect is AFFIRMED. To resolve this matter, we follow the path we did in *Indiana University* and *Loyola Chicago.* We will not immediately use plaintiff's real name in the public record. He is entitled to choose between dismissing these appeals under Federal Rule of Appellate Procedure 42 or having this court proceed to decide the merits of these appeals in a decision that would use his real name. Accordingly, we will keep all three appeals under advisement for now. If plaintiff wishes to dismiss the

appeals and avoid public disclosure of his name in these proceedings, he shall file a motion to dismiss all three appeals under Rule 42 no later than May 13, 2026. See *Indiana University*, 101 F.4th at 493; *Loyola Chicago*, 100 F.4th at 914.