In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2832

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MIKEL LOWE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:02-cr-40078-JPG-31—**J. Phil Gilbert**, *Judge.*

ARGUED DECEMBER 1, 2010—DECIDED JANUARY 25, 2011

Before BAUER and POSNER, *Circuit Judges,* and
PALLMEYER, *District Judge.**

BAUER, *Circuit Judge.* Defendant-appellant Mikel Lowe
filed a motion for termination of his remaining term of
supervised release in the United States District Court

---

* The Honorable Rebecca R. Pallmeyer, United States
District Court for the Northern District of Illinois, sitting by
designation.

for the Southern District of Illinois. The court denied his motion without explanation and Lowe now appeals. Finding that the district court failed to consider proper statutory factors, we remand.

## I. BACKGROUND

On May 20, 2004, defendant-appellant Lowe pleaded guilty pursuant to a plea agreement to a third superceding indictment, which charged Lowe with one count of conspiracy to manufacture methamphetamine, possession with intent to distribute methamphetamine, and the distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 27, 2004, Judge J. Phil Gilbert sentenced Lowe to 78 months' imprisonment and a four-year term of supervised release. Lowe began his term of supervised release on June 19, 2008. After two years of supervised release, Lowe filed a motion for early termination of supervised release on July 20, 2010. The probation department and the government both agreed that early termination was appropriate and approved the filing of the motion. On July 21, 2010, the district court denied the motion without a hearing. The court's order reads in its entirety:

> THIS MATTER is before the Court on Defendant's Motion For Early Termination of Supervised Release. The Court, having reviewed the motion and being fully advised in the premises hereby denies the Motion For Early Termination at this time. The Court notes Defendant has completed one-half of his supervised release and if the Defendant continues

his complete compliance with all conditions of his supervised release, the Court would reconsider a motion for early termination when Defendant has 12 months or less remaining on his supervised release.

Lowe timely filed this appeal.

## II.  DISCUSSION

We apply an abuse of discretion standard when reviewing an order denying a motion to terminate a term of supervised release. *See United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). Abuse of discretion occurs when the district court commits a serious error of judgment, such as the failure to consider an essential factor. *Powell v. A.T. & T. Commc'n, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991).

Lowe argues that the district court abused its discretion in considering Lowe's motion for early termination of supervised release by failing to consider the proper statutory factors. A district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant. 18 U.S.C. § 3583(e)(1) (2010). Section 3583(e) in general requires a district court to consider certain factors in § 3553(a) before it can: (1) terminate a term of supervised release and discharge the defendant; (2) extend or otherwise modify the conditions of a term of supervised release; (3) revoke a term of supervised

release and require the defendant to serve the remaining time in prison; or (4) order a defendant on house arrest during nonworking hours. 18 U.S.C. § 3583(e). With regard to subsection (e)(2) and subsection (e)(3), which pertain to modifying a term of supervised release and revoking a term of supervised release, respectively, we have held that although a court need not make explicit findings as to each of the factors, the record must reveal that the court gave consideration to the § 3553(a) factors. *E.g.*, *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005) (reviewing a district court's revocation of a term of supervised release and noting: "Although the court need not make factual findings on the record for each [§ 3553(a)] factor, the record should reveal that the court gave consideration to those factors."); *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997) (reviewing a district court's revocation of a term of supervised release and stating: "We have . . . been satisfied if the sentencing court made comments reflecting that the appropriate factors were considered."); *see United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003) (reviewing a district court's denial of a motion to modify a term of supervised release and voicing that "we do expect district courts to provide some explanation for their decisions [when denying a defendant's petition]. In addition to other benefits, a statement of reasons from the district court facilitates meaningful review.").

Other circuits have taken the same approach with regard to early termination of a term of supervised release in subsection (e)(1). *See, e.g.*, *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) ("We have

previously held that district courts must consider the factors listed in [§ 3553(a)]. . . . '[A] statement that [the district court] has considered the statutory factors is sufficient.'" (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991))). Similarly, we believe that the district court must give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release. Here, no hearing was held, and the court denied the motion without mention of the § 3553(a) factors. Stating simply that the court has "reviewed the motion," as the district court did in this case, is not equivalent to considering the statutory factors. Something more is needed, and we find the district court abused its discretion in failing to consider the statutory factors.

Lowe also maintains that the district court's policy of refusing to grant a motion for early termination of supervised release unless a defendant has twelve months or less remaining on his term of supervised release is arbitrary and an abuse of discretion. At oral argument, the appellant informed the court that the district court judge has a general policy of refusing to consider motions for early termination of supervised release until the final twelve months of the defendant's probation. We find that this unexplained, clearly arbitrary policy certainly circumvents the intent and purposes of 18 U.S.C. § 3583(e)(1). Section 3583(e)(1) clearly provides an individual with the opportunity to submit a motion for early termination of supervised release "any time after the expiration of one year of supervised release." Though § 3583(e)(1) gives the court discretion in

granting a motion for early termination of supervised release, the district court's failure to even consider such motions until twelve months before the probation's end-date completely disregards the statute it must follow.

## III. CONCLUSION

For these reasons, we remand for further proceedings consistent with this opinion.