CLD-444                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3404
_____

UNITED STATES OF AMERICA

v.

SERGE ERIC BAYARD,
                                            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 12-cr-00604-001)
District Judge: Stewart Dalzell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 3, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion file: October 17, 2013)
_____

OPINION
_____


PER CURIAM

        Appellant Serge Eric Bayard appeals from an order of the District Court denying

his motion for early termination of his supervised release.  For the reasons that follow, we

will summarily affirm.

Bayard was convicted in the United States District Court for the District of New Hampshire of unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A, following a jury trial, see D.C. Crim. No. 09-cr-00096. He was sentenced to a term of imprisonment of 36 months, to be followed by 3 years of supervised release, and he was ordered to pay restitution to Bank of America in the amount of $5,011.00. The Court of Appeals for the First Circuit affirmed the judgment of conviction, see United States v. Bayard, 642 F.3d 59 (1st Cir. 2011). Bayard collaterally attacked his conviction and sentence in a motion to vacate sentence, 28 U.S.C. § 2255, which was denied, see United States v. Bayard, 2012 WL 395165 (D.N.H. February 7, 2012). He also challenged the execution of his sentence in a federal habeas corpus petition, 28 U.S.C. § 2241, filed in the District of New Hampshire.

Bayard began to serve his term of supervised release on March 16, 2012; the term is expected to end on March 15, 2015. In October, 2012, jurisdiction over his term of supervised release was transferred to the Eastern District of Pennsylvania. On March 21, 2013, Bayard filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the Eastern District, naming the U.S. Probation Office as the respondent and seeking credit against his federal sentence for time served (207 days) on a state trespass conviction that preceded his federal convictions, see Bayard v. U.S. Probation Office, D.C. Civ. No. 13-cv-01486. The Bureau of Prisons declined to give him this credit. The District Court denied the petition, and Bayard has appealed to this Court in a separate appeal, see C.A. No. 13-3909.

2

Meanwhile, on July 15, 2013, Bayard filed a motion for early termination of his supervised release, 18 U.S.C. § 3583(e)(1), claiming that, having served 16 months of his supervised release, he was now eligible for early termination. Bayard argued that he was a good candidate for early termination because his offenses were non-violent, he had adjusted to the community, and he was not a danger to the public. Bayard also urged the District Court to consider that he had "over-served" 207 days in prison, citing our decision in United States v. Jackson, 523 F.3d 234, 239 (3d Cir. 2008) (subsequent reduction in defendant's Guidelines sentencing range might merit credit against defendant's term of supervised release for excess term of imprisonment to which defendant was subjected). The District Court denied the motion on the basis that Bayard still owed $4,000 in restitution and thus the interest of justice would not be served by early termination of his supervised release.

Bayard appeals. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by it. The parties were advised that we might act summarily to dispose of this appeal and invited to submit argument in writing.

We will summarily affirm. We review a District Court's decision under section 3583(e) not to grant early termination of a term of supervised release for an abuse of discretion. See United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006). Section 3583(e)(1) provides that, after the defendant has completed one year of supervised release, the district court may terminate the term of supervised release if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.

3

§ 3582(e)(1). Section 3583(e) requires a District Court to consider certain factors in 18 U.S.C. § 3553(a) before it can terminate a term of supervised release and discharge the defendant. See United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011). The decision whether to modify a term of supervised release is a discretionary one. See Burkey v. Marberry, 556 F.3d 142, 149 (3d Cir. 2009).

The District Court determined that it would not be in the interest of justice to terminate Bayard's supervised release now because he still owes $4,000 in restitution. Plainly, this was not an abuse of discretion, and Bayard did not argue otherwise. The need to provide restitution to the victims of an offense is a factor the District Court should consider in addressing a motion for early termination of supervised release, 18 U.S.C. § 3553(a)(7). Moreover, the District Court, having presided over Bayard's case against the Probation Office, was fully aware of Bayard's self-serving argument regarding how the Bureau of Prisons calculated his sentence, and its apparent lack of merit. We are thus satisfied that the District Court considered the appropriate sentencing factors in denying the motion for early termination of supervised release in the interest of justice.

For the foregoing reasons, we will summarily affirm the order of the District Court denying appellant's motion for early termination of supervised release.