**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018[*]
Decided February 14, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2452

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-cr-179-bbc |
| RALPH SHANNON, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

This appeal presents our fourth occasion to consider a challenge by Ralph Shannon to his life term of supervised release. Now he appeals the denial of a motion to terminate his supervision altogether. See 18 U.S.C. § 3583(e)(1). Because the district judge properly considered the statutory factors in denying the motion, we affirm the judgment.

After federal authorities discovered more than 400 encrypted images of child pornography on Shannon's computers and hard drives, he pleaded guilty to one

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

violation of 18 U.S.C. § 2252(a)(4). The district judge sentenced him to 46 months' imprisonment and a life term of supervised release (the recommended term of supervision). Shannon appealed, and we upheld his sentence. *United States v. Shannon*, 518 F.3d 494 (7th Cir. 2008) ("*Shannon I*").

Shannon was released from prison in August 2010, and a year later his probation officer petitioned to revoke his supervised release. The officer alleged that Shannon had downloaded child pornography and possessed a webcam without permission. The government withdrew the first allegation because it could not prove that the persons depicted in the photos were minors; Shannon admitted the second allegation. The district judge revoked his supervised release, sentenced him to 28 days' imprisonment, and imposed another life term of supervised release. Shannon appealed, arguing that the district judge did not adequately justify a new condition prohibiting him from viewing even legal pornography. We agreed, *United States v. Shannon*, 743 F.3d 496 (7th Cir. 2014), and on remand the judge removed the problematic condition.

In May 2015, Shannon's probation officer again petitioned to revoke his supervised release. This time the officer accused Shannon of downloading child pornography, possessing external storage devices, refusing to open an encrypted file, uninstalling required monitoring software, and installing software to "scrub" his hard drive. Again the government withdrew the first allegation because it could not prove that the photos depicted minors. The district judge, after hearing testimony from Shannon and his probation officer about the remaining allegations, declined to revoke Shannon's supervised release. But she warned Shannon that he would face revocation if he continued his "game playing" and she added a condition requiring Shannon to notify his probation officer before using certain electronic devices. On appeal we upheld the new condition. *United States v. Shannon*, 851 F.3d 740 (7th Cir. 2017).

Less than one month after we issued our decision in Shannon's third appeal, he asked the district court to terminate his supervised release altogether. See 18 U.S.C. § 3583(e)(1). He attached to his motion a lengthy document detailing his complaints about the "constant harassment" he has allegedly suffered at the hands of the Assistant United States Attorney and his probation officer, both of whom he accused of perjury. He also attached a one-page letter from his therapist, who opined that health problems and other factors make Shannon unlikely to reoffend.

The judge denied Shannon's motion without conducting a hearing. She explained that Shannon's filings showed that he "focused on perceived injustices

against him and not on any harms he has caused or on positive internal changes he might make." She added that Shannon would continue to pose a threat to potential victims "until he can demonstrate a sustained period of compliance with the conditions of his supervision." She suggested that a "sustained period" would be a year.

Shannon moved for reconsideration, focusing mainly on a misstatement in the district judge's order. The judge had said:

> I have twice found that he violated the terms of his supervised release. On November 28, 2011, I sentenced defendant to a custodial term of 28 days with a life term of supervised release to follow . . . . On July 30, 2015, I declined to revoke defendant's supervision despite finding that he had installed devices that made it more difficult to monitor his computer use and warned defendant that he faced revocation if he continued to install and use similar devices in the future.

As Shannon points out, the first sentence of this summary is inaccurate because the judge did not find that Shannon's efforts in 2015 to circumvent the computer monitoring amounted to a violation, only that it is "clear he was not particularly compliant." So the judge found just once that Shannon had violated his supervised release, although she strictly admonished him the second time a violation was alleged.

The judge denied Shannon's motion for reconsideration, reiterating that Shannon should work on "changing his behavior to comply with the conditions of supervision," rather than complaining about those conditions. She concluded that "[n]o good purpose would be served in responding to defendant's latest complaints about his treatment."

Shannon now appeals to this court for a fourth time. We review for abuse of discretion an order denying a motion to terminate supervised release early. *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011). Abuse of discretion occurs when a district judge "commits a serious error of judgment, such as the failure to consider an essential factor." *Id.* at 997–98.

Most of Shannon's opening brief, like his motion in the district court, consists of generalized complaints about his probation officer and the Assistant United States Attorney. In support of early termination, again he asserts mainly that the district judge denied his motion based on "unreliable and incorrect information," namely that she had "twice found that he violated the terms of his supervised release."

This trivial misstatement could not have influenced the judge's decision to deny Shannon's motion. This judge is well-acquainted with Shannon's unimpressive history as a supervisee, and the record contains ample evidence supporting the judge's core conclusion: that Shannon has spent more time complaining about his conditions of supervision than he has trying to change his behavior. The judge revoked Shannon's supervised release in 2011 after finding that he had possessed a webcam without authorization, and in 2015 she found that he had "installed devices that made it more difficult to monitor his computer use." The district judge was not, as Shannon seems to believe, required to ignore Shannon's "game playing" in 2015 just because it did not amount to a violation of any particular term. The judge's admonishment at that time reflects the seriousness with which she took Shannon's determination to push, if not cross, the outer limits of his restrictions.

Shannon also asserts that the district judge "did not specifically explain" her rationale for denying his request for release from supervision. We disagree because the judge explained her belief that early termination would be unwarranted until Shannon demonstrated "a sustained period of compliance with the terms of supervision." The judge focused on Shannon's need for psychiatric treatment, the seriousness of his offense, which "creates a market for the ongoing sexual victimization of children," and Shannon's continued threat to potential victims as a result of his lack of contrition. These reasons reflect the requisite consideration of the factors set forth in 18 U.S.C. § 3553(a). See *Lowe,* 632 F.3d at 998 (recognizing that district court in denying motion to terminate supervision need only say enough to "reveal that the court gave consideration to the § 3553(a) factors"); see also *United States v. Jones*, 861 F.3d 687, 692 (7th Cir. 2017); *United States v. Raney*, 842 F.3d 1041, 1043 (7th Cir. 2016).

Finally, Shannon insists that his life term of supervised release is unreasonable because it "does not achieve parity with sentences of similarly situated individuals[s]" as demonstrated by a handful of cases like his from around the country (cited in support of his motion for early termination). But we have already upheld the judge's original decision to impose supervision for life. See *Shannon I*, 743 F.3d at 496–97. And Shannon's subjective belief that his supervised release is too long compared to defendants in unrelated cases has no bearing on whether Shannon's conduct warrants early termination.

AFFIRMED