┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2019[*]
Decided June 6, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-3391

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 18-cr-53-wmc |
| PAUL WHINNERY[1], *Defendant-Appellant.* | William M. Conley, *Judge.* |

**O R D E R**

Paul Whinnery was convicted in the Eastern District of Texas of several charges related to his involvement in a drug conspiracy. After he was released from prison, he

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[1] We have corrected the defendant's name because his name has changed, and he has not asked to proceed anonymously or under a pseudonym. Fed. R. App. P. 43(b). Only "exceptional circumstances" would justify allowing him to proceed anonymously. See *Doe v. Village of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016).

moved to the Western District of Wisconsin, and the district court there took over his supervision. In the middle of a dispute with his probation officer about the need to verify his employment history, Whinnery moved to terminate his supervised release. The district court denied his motion, and we affirm.

While on supervision, Whinnery was required to "work regularly at a lawful occupation" and to "provide the probation officer with access to any requested financial information for purposes of monitoring … his efforts to obtain and maintain lawful employment." In 2018, Whinnery's probation officer asked him for documents showing that he had been engaged in legitimate employment since his release. Whinnery (a former professor of statistics and software developer) had represented that he was employed by a software company he founded before his criminal conviction, Katunigan. In its current iteration, Whinnery reported, Katunigan contracted with a Cayman Islands-based company to provide "litigation support" (Whinnery had learned legal skills in prison) and "whatever services they require," including identifying business-development opportunities. The company paid Katunigan a monthly "draw," and Whinnery said he lived in company housing and drove a company car.

Whinnery told his probation officer that he could not provide "a detailed description of the case work I am doing because I am not permitted to divulge that to anyone." He added that he could provide only limited documents (a W-2 and tax return for 2016 and bank statements) because of confidentiality concerns. The officer deemed his explanation and his documents insufficient and expressed concern that Whinnery was not engaged in legitimate employment. In response, Whinnery told the officer that he was "reorganizing" his employment; he would continue doing the same work but as a salaried employee at a law firm in Belleville, Illinois, beginning in March 2018.

Whinnery, through counsel, then moved to terminate his remaining term of supervised release based on his "truly unique and remarkable" progress. The government opposed Whinnery's motion because he had not provided probation with enough details for it to confirm whether Whinnery had maintained employment before March 2018 and, if so, whether it was above board.

At the hearing on Whinnery's motion, his lawyer argued that Whinnery had complied with his supervision even though he had an honest disagreement over the financial documents requested by the probation office. The judge explained that he would not consider ending Whinnery's supervision until he complied with the probation office's reasonable request for information. In response to the concern that the

motion was "premature," Whinnery's attorney noted that Whinnery could have moved to terminate his supervised release after one year; the judge responded, "I would have denied it." The court then explained that he was denying Whinnery's motion because he did not have enough information to confirm that Whinnery was eligible for relief— *i.e.*, that he had been complying with the terms of his supervision:

> I'm denying [Whinnery's motion] because it's premature. It has nothing to do with whether or not he was employed during this period or not; it has to do with his failure to provide reasonably requested information from the probation officer who's assigned to supervise him. And I'm not going to make a decision about early termination … until the probation office has a better understanding as to what he's been doing for the last three years.

Whinnery now appeals. We review the denial of a motion for early termination of supervised release for an abuse of discretion. See *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011). A court abuses its discretion when it "commits a serious error of judgment, such as the failure to consider an essential factor." *Id.* at 997–98.

Whinnery argues that the district court erroneously deemed his motion "premature." He interprets the district judge's statement that he would have denied the same motion at the one-year mark as an arbitrary refusal to consider early-termination motions until the end date draws closer. A district court may release a defendant from a term of supervision after one year, see 18 U.S.C. § 3583(e)(1), and we have held that a district court abuses its discretion by refusing to entertain a motion for early termination before the last year of supervision. See *Lowe*, 632 F.3d at 998–99. Here, however, we do not interpret the district court's order as Whinnery does. Rather, as the judge explained, Whinnery filed his motion before he provided the information required to demonstrate that he had complied with the terms of his supervision. Indeed, the district court stated at least four times that it would not consider the merits of the motion "until" Whinnery complied with the probation office's requests, and twice that Whinnery could request termination when the dispute over documents was over. The record therefore does not permit Whinnery's inference that the judge simply wanted him to serve more of his term before seeking early termination.

Whinnery also argues that the district court abused its discretion by not addressing the factors in 18 U.S.C. § 3553(a) before denying his motion. A district court

should give "some indication" that it considered the factors in § 3553(a) when assessing a motion for early termination of supervised release. *Lowe*, 632 F.3d at 998. But that presupposes that the court considers the motion on the merits. Here, the district court was clear that it would not even consider early termination until the probation office had the information needed to verify Whinnery's compliance with the terms of supervision. The court said it was unable to make any judgment on the record before it, and so it had no occasion to consider the § 3553(a) factors. Thus, the court's reliance on Whinnery's failure to demonstrate his compliance with the terms of his "conditional liberty," *United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011), was not an abuse of discretion.

AFFIRMED