**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DALTON R. HARTLEY,

    Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COREY R. DETTER,

    Defendant - Appellant.
_____

No. 22-3010

No. 22-3044

**Appeals from the United States District Court**
**for the District of Kansas**
**(D.C. Nos. 6:19-CR-10021-EFM-2 & 6:18-CR-10113-EFM-1)**
_____

Kayla Gassmann, Assistant Federal Public Defender (Melody Brannon, Federal Public Defender; with her on the briefs), Kansas City, Kansas, for Defendants-Appellants.

James A. Brown, Assistant United States Attorney (Duston J. Slinkard, United States Attorney, with him on the briefs), Topeka, Kansas, for Plaintiffs-Appellees.
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

**MATHESON**, Circuit Judge.

_____

Defendants-Appellants Dalton R. Hartley and Corey R. Detter, in separate criminal cases, each moved for early termination of probation under 18 U.S.C. § 3564(c). The same district judge denied their motions for the exact same reason. On appeal, they filed unopposed motions for expedited consideration, which we granted. Exercising jurisdiction under 28 U.S.C. § 1291 in these related appeals, we reverse and remand for further proceedings.

## I. BACKGROUND

### A. *Mr. Hartley's Appeal (No. 22-3010)*

Mr. Hartley pled guilty to aiding and abetting the acquiring of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2. His plea agreement included an appeal waiver. The district court sentenced him to probation for three years, set to expire on August 1, 2022.

On January 12, 2022, Mr. Hartley moved for early termination of his probation under 18 U.S.C. § 3564(c), which provides:

> **(c) Early termination.**—The court, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony,

2

if it is satisfied that such action is warranted by the conduct of
the defendant and the interest of justice.[1]

His motion said that (1) he had successfully completed over 29 months of his 36-month term of probation, (2) his reintegration into society was complete, and (3) further supervision was unnecessary. He further stated that the United States Probation Office and the Government did not oppose the motion.

In the motion, Mr. Hartley identified several factors to support early termination. He was "in good standing with the Probation Office . . . [, had] reported as directed, [had] complied with all conditions of probation, completed the [Moral Recognition Therapy] program, completed his 200 hours community service within 13 months, [had] passed all of his drug tests, and [had] adjusted successfully to probation." 22-3010, ROA, Vol. 1 at 49. He continued "to perform community service by speaking to nursing students at Salina Area Technical College and UMKC Pharmacy Students about the risk of addiction and codependency, and by role playing with the Masters of Social Work Program through Kansas State University in Salina." *Id.* Mr. Hartley also led "the 12-step program at his church and serve[d] on the church's leadership counsel." *Id.* Finally, he had "successfully reintegrated into the community" and had "been working as a materials handler at [a Kansas company]

---

[1] Unlike supervised release, which "is imposed in addition to imprisonment," probation is imposed "in lieu of" imprisonment. 3 Charles Alan Wright & Sarah N. Welling, Federal Practice and Procedure § 548 at 283 (4th ed. 2011).

since April 2018." *Id.* Mr. Hartley's motion also discussed the factors in 18 U.S.C. § 3553(a) that warranted early termination of his probationary term.

The district court denied the motion on the day it was filed. After setting forth the facts of Mr. Hartley's case and noting his "satisfactory performance on probation," the court's order stated:

> The Court frequently grants early termination of terms of supervised release which are imposed following a term of incarceration. Here as noted, Defendant did not receive a sentence of incarceration; instead, probation *was* his sentence. The Court views that differently than early termination of supervised release where a defendant has already served his full incarceration sentence. Where the principal sentence imposed on a defendant was of probation, the Court does not find that a subsequent truncation of that sentence is in the interest of justice, even if (as here) the conduct of the defendant is meritorious. Therefore, the motion is denied.

*Id.* at 53.

## B. *Mr. Detter's Appeal (No. 22-3044)*

Mr. Detter pled guilty without a plea agreement to one count of manufacturing counterfeit currency, in violation of 18 U.S.C. § 471, and to two counts of possessing counterfeit currency, in violation of 18 U.S.C. § 472. The district court sentenced him to probation for three years, set to end on July 30, 2022.

Like Mr. Hartley, Mr. Detter moved for early termination of his probation under 18 U.S.C. § 3564(c). His motion, filed March 1, 2022, said that (1) he had successfully completed 31 months of his 36-month probationary term, (2) his reintegration into society was complete, and (3) further supervision was unnecessary.

4

He further stated that the United States Probation Office did not oppose the motion, but noted the Government objected to it.

Mr. Detter's motion presented the following facts:

> Mr. Detter is in good standing with the Probation Office and is eligible for early termination under the terms of the USPO procedure manual. Mr. Detter had one positive [urinalysis test] on November 19, 2020, and a diluted [urinalysis test] on March 15, 2021, but has been compliant with all drug testing since then and has a record of successful rehabilitation while on probation. As his post-sentencing conduct demonstrates, Mr. Detter has maintained employment and a stable residence, has learned from his mistakes, and has demonstrated a willingness and capability to remain a valuable, law-abiding member of the community.

22-3044, ROA, Vol. 1 at 29-30.

The motion further detailed that he had worked for the same company since May 2021, had earned a Class A Colorado Driver's License in January 2022, and continued to be "involved with Oxford House as an alumnus by assisting new residents and helping with fundraising efforts." *Id.* at 31. At age 30, he had "converted himself into a law-abiding community member." *Id.* The motion also discussed the factors in 18 U.S.C. § 3553(a) that warranted early termination of his probationary term.

The same district judge who denied Mr. Hartley's motion also denied Mr. Detter's. The district court recited the facts of his case, including his "good standing with the Probation Office." *Id.* at 34. It then repeated the identical language that it used to deny Mr. Hartley's motion, including its view that when "a defendant['s]" sentence "was of probation," "truncation" is not "in the interest of justice." *Id.*

5

\*     \*     \*     \*

The Defendants provided evidence that the district judge in their cases used the same language to deny § 3564(c) motions for other defendants. *See* 22-3010, Aplt. Br. Attachs. D-G. At oral argument, the Government conceded that the district judge had ruled similarly in other cases and that it could not identify a case in which the judge had taken a different approach. Oral Arg. at 21:17-22:10.

## II. DISCUSSION

Mr. Hartley and Mr. Detter argue the district court abused its discretion by adopting a blanket policy to deny them relief under § 3564(c) and refusing to consider § 3564(c)'s statutory criteria. 22-3010, Aplt. Br. at 11-19; 22-3044, Aplt. Br. at 11-19. Before addressing these arguments, we first determine whether Mr. Hartley waived his right to bring this appeal.

### A. *Appeal Waiver – Mr. Hartley*

Mr. Hartley's plea agreement included the following waiver paragraph:

> **10. Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a

motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

22-3010, ROA, Vol. 1 at 36-37.

During Mr. Hartley's colloquy with the court under Federal Rule of Criminal Procedure 11, the following exchange took place:

> **THE COURT**: Paragraph 10 explains to you that the law gives you various rights to file challenges or appeals related to this case. You can appeal how this case was investigated and prosecuted against you. You can appeal your conviction of it. You can appeal the sentence that you receive and how that sentence was calculated. You can appeal any terms and conditions of supervised release that will be placed upon you, and any later violation of those terms and conditions you may be found to have committed.
>
> You can even, after this case is over, file a separate motion or a separate action in which you would allege that we did not properly follow the law and the rules in imposing the sentence upon you and that, therefore, you shouldn't be held to any judgment or sentence ordered against you in this case. But under paragraph 10, you're pretty much waiving all those appeal rights.
>
> By and large, unless I gave you a sentence greater than the top end of the guideline range calculated under the sentencing guidelines, or unless the United States filed its

> own appeal, you're otherwise waiving any appeal rights
> that the law would otherwise provide to you.
>
> Do you understand that?
>
> **MR. HARTLEY**:  Yes, Your Honor.
>
> **THE COURT:**  Are you agreeing to do that?
>
> **MR. HARTLEY:**  Yes, sir.

22-3010, Suppl. ROA at 26-27.

After Mr. Hartley filed his appeal, the Government moved to dismiss based on this waiver.  We denied the motion without prejudice to the Government's reasserting the issue as part of the merits briefing, which it has done.  We are concerned only with the appeal waiver provisions because the Government has disclaimed any reliance on the collateral-attack provisions in Mr. Hartley's waiver.  *See* 22-3010, Aplee. Br. at 23.

1. **Legal Background**

"Whether a defendant's appeal waiver set forth in a plea agreement is enforceable is a question of law we review de novo."  *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).

*United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), sets forth a "three-prong analysis" to decide whether a criminal defendant waived the right to appeal in a plea agreement:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would

result in a miscarriage of justice." *Id.* at 1325. Mr. Hartley argues the waiver here should not be enforced because (1) this appeal does not fall within the scope of his waiver and (2) he did not knowingly and voluntarily waive his right to bring this appeal. 22-3010, Aplt. Br. at 25-29, 34-35. We agree.

a. *Scope of waiver*

In determining the scope of an appeal waiver, "[w]e interpret a plea agreement as we would any contract and in light of what the defendant reasonably understood when [he] entered [his] plea." *United States v. Porter*, 905 F.3d 1175, 1178 (10th Cir. 2018) (quotations omitted). "Waivers of appellate rights in a plea agreement are to be construed narrowly" and "any ambiguity will be read against the government and in favor of the defendant's appellate rights." *Id.* at 1178-79 (alterations and quotations omitted).

Without more, "a defendant's waiver of the right to appeal 'any sentence' encompasses only the right to appeal the original sentence imposed at sentencing and memorialized in the judgment, and does not encompass the right to appeal a sentence modification" sought by the defendant. *United States v. Lonjose*, 663 F.3d 1292, 1302 (10th Cir. 2011).

b. *Knowing and voluntary*

"In the context of a defendant's waiver of his right to appeal . . . his sentence, there are two ways the content of that waiver can be made known to him." *United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003). The "[f]irst is through the language of the plea agreement itself. If the agreement explicitly states

9

that a Defendant is waiving a particular right, we will hold him to that waiver,

barring certain exceptions . . . ." *Id.* (quotations omitted).  "The second way in which

the content of a defendant's waiver of appeal rights can be made known to him is

through the colloquy with the court required by Federal Rule of Criminal Procedure

11." *Id.*  "That rule states, *inter alia*, that before accepting a plea of guilty or nolo

contendere, the court must address the defendant in open court and determine that the

defendant understands 'the terms of any plea-agreement provision waiving the right

to appeal or to collaterally attack the sentence.'" *Id.* (quoting Fed. R. Crim. P.

11(b)(1)(N)).

2.  **Analysis**

a.  *Scope of waiver*

The appeal waiver in Mr. Hartley's plea agreement does not bar his appeal.  As

set forth above, the waiver paragraph includes waiver of "any right to appeal . . . any

matter in connection with . . . the components of the sentence to be imposed herein."

22-3010, ROA, Vol. 1 at 36.  The Government argues that the waiver of "any matter

in connection with" a sentence is "far broader and more precise than the language

considered in *Lonjose*."  22-3010, Aplee. Br. at 22 n.2 (quotations omitted).  But the

rest of the sentence narrows the waiver to matters "in connection with . . . the

components of the sentence *to be imposed herein*."  22-3010, ROA, Vol. 1 at 36

(emphasis added).  By referencing the imposition of the sentence, which occurs when

10

the district court enters judgment, *see Lonjose*, 663 F.3d at 1298; Fed. R. Crim. P. 32(k)(1), this section of the appeal waiver concerns the original sentence.[2]

As we explained in *Lonjose*, the right to appeal an original sentence and the right to appeal the denial of a requested modification of that sentence are distinct matters. 663 F.3d at 1298-1300. For example, "when a district court rules on a motion pursuant to [18 U.S.C.] § 3582(c)," a sentence modification statute, "a defendant is entitled to appeal that ruling despite the fact that his time to appeal his original sentence, as imposed at sentencing and memorialized in the judgment of conviction, has expired." *Id.* at 1299-1300.

Had the government wished to bar appeals from the denial of motions for early termination of probation, it could have included specific language. *See Porter*, 905 F.3d at 1180. For example, the appeal waiver here contains language waiving the right to appeal any sentence imposed upon a revocation of supervised release. 22-3010, ROA, Vol. 1 at 36. But there is no similar language regarding the denial of a motion to terminate probation.

We conclude that Mr. Hartley's waiver of "any matter in connection with . . . the components of the sentence to be imposed herein," 22-3010, ROA,

---

[2] The waiver provision is at least ambiguous as to whether the parties intended to waive the right to appeal from a statutorily authorized attempt to modify the sentence. Any such ambiguity in the plea agreement must be construed against the Government and in favor of the right to appeal. *Porter*, 905 F.3d at 1178-79.

Vol. 1 at 36, did not encompass this appeal from the denial of Mr. Hartley's post-sentencing motion to terminate probation under 18 U.S.C. § 3564(c).

b. *Knowing and voluntary*

We also are not convinced the Government has shown that Mr. Hartley knowingly and voluntarily waived his right to appeal from a denial of a § 3564(c) motion. "[I]t is th[e] distinct right to appeal" the sentence imposed at the time of conviction "that a defendant" in Mr. Hartley's position "would reasonably understand he is waiving." *Lonjose*, 663 F.3d at 1299.

The waiver paragraph in the plea agreement does not explicitly refer to motions for early termination of probation. As in *Chavez-Salais*, "[w]e are left with an ambiguity" because neither the text of the plea agreement nor the Rule 11 colloquy shows that Mr. Hartley was "clearly informed [] that he was waiving his right to bring a later motion to modify his sentence under" § 3564(c). 337 F.3d at 1174.

The court informed Mr. Hartley at the Rule 11 colloquy that he was waiving his right to appeal "the sentence that [he] receive[d] and how that sentence was calculated" and generally "waiving any appeal rights that the law would otherwise provide." 22-3010, Suppl. ROA at 27. But it never mentioned that those rights would "include *any* subsequent effort to seek modification of his sentence." *Chavez-Salais*, 337 F.3d at 1174. Indeed, the court's specific reference to the waiver of Mr. Hartley's right to appeal his supervised release terms and conditions, *see* 22-3010, Suppl. ROA at 27, at least reflects ambiguity as to whether he waived other rights to

12

appeal a sentence modification, such as the denial of a § 3564(c) motion.  We thus cannot conclude that Mr. Hartley knowingly waived his right to bring the instant appeal.

*     *     *     *

Because the appeal waiver in Mr. Hartley's plea agreement does not bar this appeal, we proceed to the merits of both appeals.

### B.  *Early Termination of Probation – Mr. Hartley and Mr. Detter*

Mr. Hartley and Mr. Detter argue the district court abused its discretion because it denied their motions based on a blanket policy to deny § 3564(c) motions and failed to conduct an individualized analysis of the § 3564(c) factors.  *See* 22-3010, Aplt. Br. at 11-19; 22-3044, Aplt. Br. at 11-19.

### 1.  **Legal Background**

#### a.  *Standard of review*

We review a district court's decision to deny early termination of probation under § 3564(c) for an abuse of discretion.  *See United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017) (unpublished); *United States v. Buck*, 173 F. App'x 239, 240 (4th Cir. 2006) (per curiam) (unpublished); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (stating whether to grant a motion for early termination of a term of supervised release under similar provisions in 18 U.S.C. § 3583(e)(1) is committed to the sentencing court's discretion).

"A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact."  *United States v. Hemmelgarn*, 15 F.4th

13

1027, 1031 (10th Cir. 2021) (quotations omitted). "[D]iscretion does not excuse a court's failure to exercise any discretion, nor does it save an unpermitted exercise of discretion from reversal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *Id.*

   b.  *Individualized determination*

"A trial court which fashions an inflexible practice in sentencing contradicts the judicially approved policy in favor of individualizing sentences." *United States v. Menghi*, 641 F.2d 72, 76 (2d Cir. 1981) (quotations omitted). "Our task in deciding [a] case [] is not to fashion the rule we deem desirable but to identify the rule that Congress fashioned." *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 508 (1989). "[W]e cannot possibly countenance the position of [a] sentencing judge which, applied uniformly, would effectively nullify an Act of Congress." *Menghi*, 641 F.2d at 76.

Courts must give effect to each statute Congress enacts because a statute's "evident purpose always includes effectiveness." Antonin Scalia & Bryan A. Garner, Reading Law:  The Interpretation of Legal Texts 63 (2012). The "presumption against ineffectiveness" is "the idea that Congress presumably does not enact useless laws." *United States v. Castleman*, 572 U.S. 157, 178 (2014) (Scalia, J., concurring in part and concurring in the judgment); *see U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (recognizing that "well-established principles of

14

statutory interpretation . . . require statutes to be construed in a manner that gives effect to all of their provisions").

Two recent Tenth Circuit cases support the proposition that when a district court imposes or is asked to modify a sentence, it must make individualized determinations based on the applicable statutory criteria rather than rely on a blanket policy.

In *United States v. Cozad*, 21 F.4th 1259 (10th Cir. 2022), we held the district court abused its discretion by imposing a harsher sentence on the defendant because she entered an open plea—a plea without a plea agreement. *Id.* at 1261, 1267. We said that "[w]e do not see how any of the permissible aims of sentencing are advanced by distinguishing between defendants based on the manner in which they plead guilty." *Id.* at 1265-66. The sentencing decision was an abuse of discretion because it "was an expression of [the district court's] own policy in favor of plea agreements, not congressional intent" as expressed in 18 U.S.C. § 3553(a). *Id.* at 1266.

In *United States v. Moore*, 30 F.4th 1021 (10th Cir. 2022), we emphasized that when resentencing a defendant for a probation revocation, the district court was required to follow the procedures prescribed by the applicable statute, 18 U.S.C. § 3565(a). *Id.* at 1026-27. The district court had given the defendant a trial period of probation, which was a below-guideline sentence, but warned that if he violated his probation conditions, it intended to impose a sentence of at least 84 months. *Id.* at 1023. After the defendant violated those conditions, the Probation Office

15

recommended a sentence of 5 to 10 months in prison, but the court, as it warned, sentenced him to 84 months. *See id.* at 1023-24. In vacating the sentence, we specifically rejected the notion that a district court could commit itself in advance to a specified one-size-fits-all sanction for probation violations and "bypass[] the required analysis that is available only after probation has been revoked." *Id.* at 1025.

Mr. Hartley and Mr. Detter rely on *United States v. Vargas*, 925 F.2d 1260 (10th Cir. 1991). *See* 22-3010, Aplt. Br. at 12; 22-3044, Aplt. Br. at 12. We also find *Vargas* instructive. There, we concluded that the district court had abused its discretion when it denied a joint motion for the defendant to be released and participate in an undercover drug operation to earn a recommendation for a reduction in sentencing under the U.S. Sentencing Guidelines. *Vargas*, 925 F.2d at 1262, 1268. The district court based its denial, in part, on its "judicial policy" that "an undercover buy is 'inappropriate' and 'not consistent with what a Court should do.'" *Id.* at 1265 (alteration omitted) (quoting the record). In reversing, we reasoned that "the district court's blanket rule . . . frustrates the public policy goals advanced by [the] sentencing provisions," which "clearly contemplate situations where criminal defendants will cooperate with the government." *Id.* We explained that although "district courts have discretion to consider whether requested presentence releases should be allowed, based on the individual facts of the case and the characteristics of the defendant[,] . . . here the court never made reference to those individualized facts." *Id.*

16

In addition to these decisions, cases from other circuits also require individualized determinations based on the applicable statutory criteria before imposing a sentence or responding to a request to modify a sentence.  For example, *United States v. Mathis-Gardner*, 783 F.3d 1286 (D.C. Cir. 2015), concerned review of a district court's decision denying early termination of supervised release under 18 U.S.C. § 3583(e)(1)—a statute strikingly similar to § 3564(c).

| Early Termination of Supervised Release—§ 3583(e)(1) | Early Termination of Probation—§ 3564(c) |
|---|---|
| **The court may, after considering the factors set forth in [18 U.S.C.] section 3553(a)**(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—<br><br>(1) **terminate a term of supervised release** and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, **if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice**[.] | **The court, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, may,** pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, **terminate a term of probation** previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, **if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice**. |

In *Mathis-Gardner*, the court said, "[O]ther circuits that have considered the issue have either held or strongly implied that the district court is required to consider the statutory [§ 3553(a)] factors when reviewing a motion for early termination, *regardless of whether that motion is granted or denied*."  783 F.3d at 1287 (emphasis added).  The D.C. Circuit joined those circuits in holding that "a district court must

17

consider the specified § 3553(a) factors before denying a motion for early termination of supervised release." *Id.* at 1288.

In *United States v. Lowe*, 632 F.3d 996 (7th Cir. 2011), the Seventh Circuit held the district court abused its discretion because its "general policy of refusing to grant a motion for early termination of supervised release unless a defendant has twelve months or less remaining on his term of supervised release [was] arbitrary" and circumvented the statutory scheme in § 3583(e)(1). *Id.* at 998-99. The court held that the district court also abused its discretion by "failing to consider the statutory [§ 3553(a)] factors" as required under § 3583(e)(1). *Id.* at 998.[3]

2. **Analysis**

a. *Abuse of discretion*

Section 3564(c) allows a court to terminate probation upon consideration of (1) the applicable 18 U.S.C. § 3553(a) factors, (2) "the conduct of the defendant,"

---

[3] We find *Mathis-Gardner* and *Lowe* to be persuasive and to effectively rebut the dissent's reading of § 3564(c) that a court can deny a motion to terminate probation without considering the statutory criteria. *See* Dissent at 1-3. Although Judge Eid's opinion concurs in part and dissents in part, we refer to it as "the dissent" because we address only that part of her opinion that dissents from the majority.

We also take note of other out-of-circuit cases supporting our position. In *United States v. Sparrow*, 673 F.2d 862 (5th Cir. 1982), the Fifth Circuit held the district court abused its discretion when the judge's blanket policy "made clear . . . that he did not believe" a statute applicable to any defendant under age 21 should apply to anyone over age 18 and was "flagrantly contrary to the congressional intent." *Id.* at 866; *see also Menghi*, 641 F.2d at 76; *United States v. Ingram*, 530 F.2d 602, 603 (4th Cir. 1976) (per curiam).

and (3) "the interest of justice." 18 U.S.C. § 3564(c).[4] Indeed, the opening words in

§ 3564(c)—"The court, after considering the factors set forth in section 3553(a) to

the extent they are applicable"—specifically direct courts to review the

individualized factors common to federal sentencing determinations.[5] But rather than

comply with the statute, the district judge denied Mr. Hartley's and Mr. Detter's

§ 3564(c) motions based on his policy not to grant early termination "[w]here the

principal sentence imposed on a defendant was of probation." 22-3010, ROA, Vol. 1

at 53; 22-3044, ROA, Vol. 1 at 34.[6]

---

[4] A fourth requirement—that in the case of a felony conviction, a defendant has served the statutorily prescribed portion of his probationary term before moving for termination, 18 U.S.C. § 3564(c)—is not at issue in this appeal.

[5] It is the district court, not the majority (as the Dissent at 1 asserts), that "fails to take into account the governing statutory language." The district court failed to address the § 3553(a) factors; acknowledged but effectively ignored the Defendants' meritorious conduct; and decided that denial of early termination of probation to "a defendant," not just the movant, is in the interest of justice. This blanket refusal to consider an individual's circumstances under § 3564(c) contradicts the statute's text and thwarts congressional intent.

[6] The dissent states that our "approach awkwardly places a burden on the district court to explain refusing to change an original sentence where there is no reason to consider that sentence deficient." Dissent at 2-3. But there is nothing unusual or awkward about requiring a court to explain the reasoning behind its refusal to modify a sentence.

In the sentencing context, we have stated that "the court's failure to give reasons for its decision would leave us in a zone of speculation on appellate review." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1116 (10th Cir. 2006) (quotations omitted); *see Gall v. United States*, 552 U.S. 38, 50 (2007) (stating that when a district judge departs from the Sentencing Guidelines, he or she "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing").

We agree with the Ninth Circuit that "[a] district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised

As noted above, the district judge used the same language to deny § 3564(c) motions from at least four other defendants who sought early termination of their probationary sentences. *See* 22-3010, Aplt. Br. Attachs. D-G. The district judge's blanket policy—applied in Mr. Hartley's, Mr. Detter's, and other cases—"is in direct conflict with . . . statutory . . . rules governing probation." *United States v. Souser*, 405 F.3d 1162, 1167 (10th Cir. 2005). It would render § 3564(c) a nullity in this judge's courtroom.[7] Under our precedent, even when a district court has broad discretion in imposing a sentence or ruling on a defendant's request to modify a sentence, it cannot supplant Congress's statutory directive with its own policy. *See Cozad*, 21 F.4th at 1266; *Moore*, 30 F.4th at 1027; *see also Lowe*, 632 F.3d at 998-99.[8]

---

release," *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014), under § 3583(e)(1), which, as noted above, is similar to § 3564(c). What the district court did here is even more problematic than failing to provide individualized reasons for denying the motions. It went even further and affirmatively stated that no such motion would be granted.

[7] When pressed on this point at oral argument, the Government responded that § 3564(c) uses the word "may" rather than "shall." *See* Oral Arg. at 18:52-21:05; *see also* 22-3010, Aplee. Br. at 8; 22-3044, Aplee. Br. at 6. But just because "use of the word 'may' in a statute will be construed as permissive and to vest discretionary power," *United States v. Bowden*, 182 F.2d 251, 252 (10th Cir. 1950), does not mean a court has unbridled discretion to ignore statutory criteria. As the Supreme Court explained, "[a] trial court has wide discretion when, but only when, it calls the game by the right rules." *Fox v. Vice*, 563 U.S. 826, 839 (2011).

[8] The dissent says *Cozad* and *Moore* "are distinguishable because they involve the district court affirmatively doing something that it either must do or has chosen to do." Dissent at 2. But this distinction misses the point. These cases stand for the broader proposition that in the sentencing context a district court may not base its decision on "its own policy" and "own custom," *Cozad*, 21 F.4th at 1266-67, or a

20

The district judge stated that he "views" a request for early termination of supervised release and probation "differently," 22-3010, ROA, Vol. 1 at 53; 22-3044, ROA, Vol. 1 at 34, noting that a defendant who seeks early termination of supervised release "has already served his full incarceration sentence." *Id.* But reliance on this distinction to deny probation termination in all instances finds no support in § 3564(c). In fact, Congress decided the opposite when it enacted statutes permitting early termination of both and setting forth criteria for the court to consider. *See* 18 U.S.C. § 3583(e)(1) (supervised release); 18 U.S.C. § 3564(c) (probation). The judge's categorical rejection of early termination of probation in these cases was an abuse of discretion.

b. *Responses to the Government's arguments*

i. <u>Individualized determinations</u>

The Government argues that the district court properly exercised its discretion because it made individualized determinations that each defendant (1) had not completed his probation, (2) had engaged in meritorious conduct during probation, and (3) that early termination was not in the interest of justice. *See* 22-3010, Aplee. Br. at 12-14; 22-3044, Aplee. Br. at 10-12. This misreads the district court's orders.

---

"preordain[ed] . . . minimum future sentence and bypass[] the required analysis," *Moore*, 30 F.4th at 1025. The dissent does not address the cases from other circuits, including *Lowe*, 632 F.3d 996, and *Mathis-Gardner*, 783 F.3d 1286, which further support this proposition.

First, because a motion for early termination of probation under § 3564(c) is available only to probationers who have not completed probation, finding that the movant is still on probation is hardly an individualized determination.

Second, the orders read, "even if (as here) the conduct of the defendant is meritorious." 22-3010, ROA, Vol. 1 at 53; 22-3044, ROA, Vol. 1 at 34. The words "even if" show the court would deny early termination of probation regardless of whether the probationer's conduct was meritorious.

Third, the orders state that "truncation" of probation is not "in the interest of justice" when the "sentence imposed on *a defendant* was of probation." 22-3010, ROA, Vol. 1 at 53; 22-3044, ROA, Vol. 1 at 34 (emphasis added). The reference to "a defendant" would apply to any probationer who files a motion.[9]

The district judge thus decided to deny early termination of probation in all instances contrary to Congress's decision to make this possibility available under

---

[9] We therefore disagree with the dissent that the district court properly considered the interest of justice. *See* Dissent at 3-4. It did so in name only. Section 3564(c) calls for the court to consider whether the interest of justice supports early termination of probation for the individual who filed the motion, not to adopt a policy that the interest of justice precludes relief for "a defendant." 22-3010, ROA, Vol. 1 at 53; 22-3044, ROA, Vol. 1 at 34.

The dissent also says that "the district court was not exercising its discretion on a blank slate" because it "was being asked to modify probationary sentences that it had recently imposed with the sentencing factors and other considerations in mind." Dissent at 4. But this argument presumes the slate had not changed since the sentence was imposed more than two years earlier. The point of a motion to modify a sentence is to review what may have changed in the intervening period. We fail to see how an interest-of-justice determination can be made without doing so.

§ 3564(c). The district court abused its discretion by refusing to exercise its discretion properly under § 3564(c).[10]

ii. Harmless error

The Government also argues that any error resulting from the district court's policy was harmless. *See* 22-3010, Aplee. Br. at 14-15; 22-3044, Aplee. Br. at 12-13.[11] But the Government cannot show harmless error. Federal Rule of Criminal Procedure 52(a)—the harmless error rule—provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). "It is well-established that the burden of proving harmless error is on the government." *United States v. Holly,* 488 F.3d 1298, 1307 (10th Cir. 2007).

The Government has not and cannot meet its burden to show that, absent the district court's abuse of discretion here, the result would have been the same, especially in light of the court's finding that each defendant's conduct on probation was "meritorious." And it has not pointed to anything in the record to suggest that

---

[10] The Government mistakenly argues that Mr. Hartley and Mr. Detter have waived any challenge to the district court's finding that the interest of justice did not warrant termination because they failed to attack that finding in their opening briefs. 22-3010, Aplee. Br. at 10-11; 22-3044, Aplee. Br. at 8-9. But their briefs repeatedly challenge the district court's treatment of the interest of justice, pointing out that it was based on a predetermined, categorical policy rather than individualized determinations. 22-3010, Aplt. Br. at 11-19; 22-3044, Aplt. Br. at 11-19.

[11] A federal court may not reverse in the absence of harmful error: "the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111.

individualized consideration of the § 3553(a) factors and the interest of justice would lead to denial of Mr. Hartley's and Mr. Detter's motions for early termination of probation.

\*    \*    \*    \*

The district court abused its discretion in denying the motions.

### III. CONCLUSION

We deny the Government's motion to dismiss Mr. Hartley's appeal based on the appeal waiver provision in his plea agreement. We reverse the district court's orders denying Mr. Hartley's and Mr. Detter's motions for early termination of probation under 18 U.S.C. § 3564(c) and remand for further proceedings.[12]

Given the expedited nature of these appeals, any petition for panel rehearing or rehearing en banc must be filed within five (5) days from the date of this decision. If no timely petition is filed, the mandate shall issue the following business day.

---

[12] We decline each Defendant's request to order reassignment of his case to a different district judge on remand.

No. 22-3010, *United States v. Hartley*; No. 22-3044, *United States v. Detter*

**EID**, J., concurring in part and dissenting in part.

The majority concludes that the district court erred by conducting an insufficient inquiry into whether to terminate the defendants' probation early. I disagree with this conclusion. Accordingly, I respectfully concur in part and dissent in part.[1]

## I.

The first problem with the majority opinion is that it fails to take into account the governing statutory language. Congress has provided certain parameters and preconditions that control a decision to reduce a probationary sentence. Specifically, pursuant to § 3564(c), probation "may" be terminated early only where the court finds that three circumstances support doing so: the § 3553(a) factors, the defendant's conduct, and the interest of justice. But that does not mean that a court is only justified in *refusing* to terminate probation early where it finds on the record that some combination of these three circumstances does not support doing so. The statute's text imposes no such duty in denying a motion for early termination. It is therefore not obvious to me that the factors which must weigh one way to support granting relief must also weigh a different way to permit denying it.

The majority stretches our precedent to "support the proposition that when a district court imposes or is asked to modify a sentence, it must make individualized determinations based on the applicable statutory criteria rather than rely on a blanket

---

[1] I concur only in the majority's decision that Hartley's appeal waiver does not bar his appeal. *See* maj. op. at 13.

1

policy." Maj. op. at 15. The cases the majority cites are distinguishable because they involve a district court affirmatively doing something that it either must do or has chosen to do—not declining to exercise an optional and limited statutory power. In *United States v. Cozad*, we reversed a sentence that was based on the district court's general policy against open pleas. 21 F.4th 1259, 1267 (10th Cir. 2022). In *United States v. Moore*, the defendant was resentenced after a probation violation, and we reversed because the district court committed itself to the result of the resentencing in advance. 30 F.4th 1021, 1025 (10th Cir. 2022). Here, in contrast, rather than impose a new sentence based on a preexisting policy or decision, the district court declined to alter a preexisting sentence. That did not upset the status quo, and it did not trigger any statutory requirements because it was not an exercise of power under § 3564(c).

Properly understood, our precedent only requires district courts to follow statutory constraints when acting pursuant to a statutorily constrained grant of authority, such as the § 3564(c) power to terminate a probationary sentence early. That principle does not control this case because the district court neither imposed nor modified any sentence. Doing either would, of course, trigger statutory constraints. Instead, having been asked to modify probationary sentences, the district court declined, and those sentences stand. Because the district court did not impose or reduce any sentence, its decision to deny the § 3564(c) motions was not constrained by statutory requirements on imposing or reducing sentences. The majority's alternative approach awkwardly places a burden on the district court to

2

explain refusing to change an original sentence where there is no reason to consider that sentence deficient.[2]

In sum, the majority is wrong to find error in how the district court went about not doing something that it was never required to do. Terminating probation early requires analyzing the § 3564(c) considerations, but it does not follow that declining to do so is subject to those same constraints. The district court did not abuse its discretion.

## II.

Even if considering the statutory factors is required to decline to issue relief under § 3564(c), the district court denied relief because of a statutory criterion: the interest of justice. The majority's contention that the district court "supplant[ed] Congress's statutory directive with its own policy," maj. op. at 20, is incorrect. The district court explained that it declined to terminate the defendants' probation early because of the interest-of-justice factor. *See* Hartley App'x Vol. I at 53 ("Where the principal sentence imposed on a defendant was of probation, the Court does not find that a subsequent truncation of that sentence is in the interest of justice."); Detter App'x Vol. I at 34 (same). The district court's reasoning is entitled to substantial deference, and this court

---

[2] The majority's response that "there is nothing unusual or awkward about requiring a court to explain the reasoning behind its refusal to modify a sentence" is belied by its reliance on sentencing appeals. *See id.* at 19 n.6. A court imposing a sentence must, of course, explain itself. *See id.* But a court declining to exercise a discretionary grant of authority to modify a sentence is in a different position.

3

cannot reverse on abuse of discretion review simply because it takes a different view of the interest-of-justice factor.

In finding the district court's view of the interest of justice problematic because it potentially undermines the statute, *see* maj. op. at 21, the majority fails to appreciate that the district court was not exercising its discretion on a blank slate. Instead, when confronted with these two § 3564(c) motions, the district court was being asked to modify probationary sentences that it had recently imposed with the sentencing factors and other considerations in mind. Rather than write § 3564(c) out of existence, the district court's process involved entering, and then not unmaking, probationary sentences based on sentencing considerations. The court's refusal to reconsider those sentences in the interest of justice in these cases reflects that court's discretionary and entirely reasonable approach to sentencing. These motions were not brought in a vacuum, and the law is clear that a court must be "satisfied" that a desired sentence reduction is "warranted by . . . the interest of justice." 18 U.S.C. § 3564(c). The fact that this district court would rarely, if ever, be satisfied as to that factor if a defendant's "principal sentence imposed" is probation does not invalidate the exercise of discretion regarding the interest-of-justice factor. *See* Hartley App'x Vol. I at 53; Detter App'x Vol. I at 34.

If the relevant statute requires district courts to consider the interest of justice to deny relief, this district court did exactly that. Even if the majority might have viewed

4

the interest of justice differently, the district court's position is not an abuse of

discretion.[3]

## III.

For these reasons, I respectfully concur in part and dissent in part.

---

[3] Because I would not hold that the district court abused its discretion, I would not reach the issue of reassignment to a different district court judge.