**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 31, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MACARIO JIMENEZ-HERNANDEZ,
a/k/a Jose, a/k/a FNU LNU, a/k/a Jose
Ortiz-Lugo,

    Defendant - Appellant.

No. 24-5060
(D.C. No. 4:21-CR-00325-GKF-17)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Defendant-Appellant Macario Jimenez-Hernandez entered into a plea

agreement with the United States pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C) based on an indictment that charged him with six drug trafficking-related

charges. Under that agreement, Mr. Jimenez-Hernandez agreed to plead guilty to one

count of conspiracy to distribute and to possess with intent to distribute a Schedule II

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

controlled substance, and the Government agreed, among other things, that a sentence of 120 months' imprisonment was appropriate "regardless of any advisory Sentencing Guidelines calculations." ROA Vol. I at 112.

The district court, however—in an exercise of its considerable discretion at sentencing—rejected the Rule 11(c)(1)(C) plea agreement, concluding the parties' agreed-upon sentence represented so substantial a downward variance from the advisory Guidelines sentencing range that it was "beyond the pale." ROA Vol. III at 69. Mr. Jimenez-Hernandez nevertheless elected not to withdraw his plea despite the absence of the Rule 11(c)(1)(C) agreement, and the district court sentenced him to 168 months' imprisonment. Mr. Jimenez-Hernandez now appeals his sentence.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude the district court did not abuse its discretion in rejecting the plea agreement, and we affirm the district court's sentence.

## I.    BACKGROUND

In November 2021, Mr. Jimenez-Hernandez was charged by superseding indictment with six felony counts: one count for conspiracy to distribute and to possess with intent to distribute a Schedule II controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), and five counts for using a communication facility in committing, causing, and facilitating the commission of a drug trafficking felony in violation of 21 U.S.C. § 843(b), (d)(1).

In October 2022, the Government and Mr. Jimenez-Hernandez executed and filed a plea agreement pursuant to Rule 11(c)(1)(C). Under that agreement,

Mr. Jimenez-Hernandez agreed to plead guilty to the conspiracy count, and the Government agreed to dismiss the remaining five counts and to recommend that Mr. Jimenez-Hernandez receive offense-level reductions for acceptance of responsibility. The parties further agreed that 120 months' imprisonment was an appropriate sentence, and they "agree[d] upon this sentence regardless of any advisory Sentencing Guidelines calculations." ROA Vol. I at 111–12.

At the change-of-plea hearing where the plea agreement was disclosed, the magistrate judge informed Mr. Jimenez-Hernandez that the district judge would ultimately review the plea agreement "along with the presentence investigation report [prepared] by the probation office, and only then will [the district judge] make the final decision whether to accept or reject" the plea agreement. ROA Vol. III at 40. And the magistrate judge informed Mr. Jimenez-Hernandez that in the event the district judge elects to reject any portion of the plea agreement, Mr. Jimenez-Hernandez could either withdraw his guilty plea or maintain that plea and proceed to sentencing where the district judge would be "free to impose a longer sentence . . . without being bound by the plea agreement." *Id.* at 41.

For reasons not entirely clear, Mr. Jimenez-Hernandez's sentencing hearing was not held until April 2024—eighteen months after his change-of-plea hearing and "two and a half years" after he was detained. *Id.* at 61. In advance of that hearing, the probation office prepared a presentence investigation report (PSR) that assessed Mr. Jimenez-Hernandez a three-level enhancement for his role in the conspiracy offense as "a manager or supervisor." U.S.S.G. § 3B1.1(b). In combination with his

criminal history category of VI, the PSR calculated Mr. Jimenez-Hernandez's Guidelines range as 262 to 327 months. The parties' agreed-upon sentence of 120 months, the PSR explained, would require an eight-level downward departure.

At the sentencing hearing, Mr. Jimenez-Hernandez's lawyer indicated that when the parties entered into the plea agreement, neither side anticipated the "manager or supervisor" offense level enhancement, and that but for that enhancement, the applicable Guidelines range would be 188 to 235 months, which "would only require a four-level departure to get to 120 months." ROA Vol. III at 62–63. Counsel for the Government stated that her predecessor had negotiated the plea agreement, but that her notes reflected an anticipated Guidelines range of 135 to 168 months, which did not account for the three-level enhancement and which was computed on the basis of criminal history category III.

The district court accepted that the plea agreement "was negotiated without taking [the enhancement] into account," but noted the problems that inhere when a Rule 11(c)(1)(C) agreement is premised on the parties' "failure to accurately predict the sentencing guideline range" that is ultimately calculated by the PSR. *Id.* at 63. And because no party objected to the enhancement—either before or during the sentencing hearing—the district court accepted it. Having adopted the PSR without objection, the district court rejected the plea agreement, explaining that while the court was willing to vary downward to account for Mr. Jimenez-Hernandez's "abnormally long period of time in state custody," it would be "beyond the pale" to

4

vary downward from 262 months—the bottom of the Guidelines range as computed by the PSR—to the agreed-upon sentence of 120 months' imprisonment. *Id.* at 69.

The court thus gave Mr. Jimenez-Hernandez the opportunity to withdraw his guilty plea. Mr. Jimenez-Hernandez elected to proceed to sentencing in the absence of the plea agreement, and the district court sentenced him to 168 months' imprisonment, a sentence amounting to a four-level downward departure from the applicable Guidelines range. This timely appeal followed.

## II.          ANALYSIS

Under Rule 11(c)(1)(C), "[a]n attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement" that contains an "agree[ment] that a specific sentence or sentencing range is the appropriate disposition of the case."

But such an agreement binds the sentencing court only if it "accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C). And when determining whether to "accept or reject" such an agreement, district courts have "substantial discretion." *United States v. Vanderwerff*, 788 F.3d 1266, 1271 (10th Cir. 2015); *United States v. Hurst*, 94 F.4th 993, 1002 (10th Cir. 2024) (explaining that "[c]ourts enjoy considerable discretion in their consideration of sentence bargains" (quotation marks omitted)). A district court's use of this discretion is not optional: "Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent obligation to exercise

5

its discretion." *United States v. White*, 765 F.3d 1240, 1248 (10th Cir. 2014) (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011)).

In light of the wide latitude given to district courts in accepting or rejecting a plea agreement, we review such determinations only for abuse of discretion. *See Hurst*, 94 F.4th at 1001. "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022) (quotation marks omitted). With respect to factual errors, a district court's reliance "on an improper and irrelevant factor" to reject a plea agreement "provides a strong indication that the district court abused its discretion." *Vanderwerff*, 788 F.3d at 1271 (quotation marks omitted).

Mr. Jimenez-Hernandez asserts the district court abused its discretion by rejecting the plea agreement in reliance on a finding that the parties arrived at the stipulated sentence against the backdrop of a Guidelines range that proved to be materially lower than that ultimately calculated by the PSR. This factual finding was clearly erroneous, he asserts, because the Rule 11(c)(1)(C) agreement "clearly stated that the parties agreed to this sentence 'regardless of any advisory Sentencing Guidelines calculations.'" Appellant's Br. at 7 (quoting ROA Vol. I at 112).

Mr. Jimenez-Hernandez's argument misses the mark. Regardless of whether the parties accurately estimated the ultimate Guidelines range when entering into the plea agreement, and even in the face of the parties' agreement that the stipulated sentence was appropriate under *any* Guidelines range, the district court was empowered to conclude that the stipulated sentence was insufficient. The district

court's conclusion to that effect was amply supported by the fact that the stipulated sentence was 142 months lower than the bottom of the Guidelines range computed by the PSR (to which neither party objected). In an exercise of its considerable discretion, the court concluded that such a substantial downward variance was "beyond the pale," and Mr. Jimenez-Hernandez has not established how *that* conclusion was wrong. ROA Vol. III at 69.

That the parties arrived at the stipulated sentence against the backdrop of erroneous Guidelines computations—which the district court accepted for purposes of considering the propriety of the plea agreement—does not bear on the issue of whether the district court abused its discretion by concluding that the 142-month gulf between the ultimate, uncontroverted Guidelines range and the stipulated sentence was beyond the pale. Mr. Jimenez-Hernandez has not pointed us to, nor does our review of the record discern, any indication that the district court abused its discretion by so concluding.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge